1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

# UNITED STATES  DISTRICT COURT

## Northern District of California

STEVEN MCARDLE, an individual, on
behalf of himself, the general public and those
similarly situated,

        Plaintiff,

  vs.

AT&T MOBILITY LLC; NEW CINGULAR
WIRELESS PCS LLC; NEW CINGULAR
WIRELESS SERVICES, INC., and Does 1-50

        Defendants.
_____/

No. C 09-1117 CW (MEJ)

**ORDER RE:  DISCOVERY DISPUTE
(DKT. #91)**

## I.  INTRODUCTION

    Before the Court is the joint discovery dispute letter  ("Joint Letter") filed by Plaintiff Steven McArdle ("Plaintiff"), and Defendants AT&T Mobility LLC, New Cingular Wireless PCS LCC, and New Cingular Wireless Services, Inc., (collectively, "Defendants") on February 25, 2010.  (Dkt. #91.)  After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court **ORDERS** as follows.

## II.  BACKGROUND

    On February 10, 2009, Plaintiff filed the present action against Defendants in the Superior Court for the State of California, County of San Francisco, seeking compensatory damages and restitution for international-roaming fees charged.  (Removal Pet. Ex. A,  Dkt. #1-1.)  Plaintiff filed his complaint to include a purported class action on behalf of similarly situated customers.  *Id.*  Plaintiff claims that while traveling outside of the United States, he incurred international-roaming charges for several voicemails that he did not check and telephone calls that he did not place and/or answer.  *Id.* at 7:5-10.  Plaintiff alleges that Defendants did not adequately disclose their practice of assessing international-roaming charges on unanswered incoming or outgoing calls.  *Id.* at 5:5-12; 10:2-11.

On March 13, 2009, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1332(d)(2)(A).  (Removal Pet. 1:7-9,  Dkt. #1.)  On February 2, 2010, the Honorable Claudia Wilken, the presiding judge in this matter, referred the case to the undersigned for resolution of discovery disputes.  (Dkt. #6.)  The parties met and conferred on this dispute and subsequently filed the present Joint Letter.

### III.  DISCUSSION

Plaintiff has two specific discovery requests at issue here.  First, he seeks customer complaints and inquiries, and the contact information for those customers, regarding the assessment of international-roaming charges where the customer claims he or she did not place or answer the call.  (Joint Letter at 1.)  Second, Plaintiff seeks the contact information for all of Defendants' California customers who incurred international-roaming fees for one-minute incoming or outgoing calls but did not complain or inquire about the charges.  *Id.*  Plaintiff argues that the contact information should be produced because other similarly situated class members will benefit as a result of Plaintiff's contact, claiming that he already has "thousands" of redacted customer complaints produced by Defendants in his possession.  *Id.*  Plaintiff also argues that the requested information will be relevant to class certification issues under Federal Rule of Civil Procedure ("Rule") 23, and that the Court is obligated to permit discovery of information that may be necessary in determining whether to certify a class.  *Id.* at 2.

In response, Defendants state that they are willing to produce customer complaints and call logs where personal information such as customer names and phone numbers has been redacted, arguing that this is adequate to satisfy Plaintiff's request while also protecting the privacy interests of their customers.  *Id.* at 1, 5.  Defendants also argue that Plaintiff's request is "massively overbroad" because he seeks contact information for any California customer who incurred roaming charges on a one-minute call, regardless of whether the customer complained.  *Id.* at 5.

**A.**     **Legal Standard**

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the

2

Court. *Vinole v. Countrywide Home Loans, Inc.* 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). The plaintiff has the burden to either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). A court must determine whether the action may be maintained as a class action as soon as is practicable after the action is filed. Fed. R. Civ. P. 23(c)(1). Thus, discovery is warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exists. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210).

The disclosure of names, addresses, and telephone numbers can be permitted in the pre-certification class action context. *See, e.g., Sanbrook v. Office Depot*, 2009 WL 840019, at *1 (N.D. Cal. 2009); *Salazar v. Avis Budget Group, Inc.*, 2007 WL 2990281, *1 (S.D. Cal.,2007). However, the right of privacy in Article 1, Section 1 of the California Constitution "protects an individual's reasonable expectation of privacy against a serious invasion." *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 966 (2008) (internal citation and quotations omitted); *Hill v. National Collegiate Athletes Assn.*, 7 Cal. 4th 1, 36-37 (1994). Thus, courts must balance the right of privacy asserted against the need for discovery. *Pioneer Electronics v. Superior Court*, 40 Cal.4th 360, 372 (2007).

**B.**   **Application to the Case at Bar**

As stated above, in determining whether to permit disclosure of putative class members' contact information, the Court must weigh Plaintiff's need for disclosure against Defendants' privacy concerns in their customers' information. Defendants, as custodians of the relevant information, have standing to assert the privacy interests of their customers. *Pioneer Electronics*

1   *(USA), Inc. v. Superior Court*, 40 Cal.4th 360, 368 (2007) (citing *Valley Bank of Nevada v. Superior*

2   *Court*, 15 Cal.3d 652, 658 (1975)).  In *Pioneer*, the potential class members were all Pioneer

3   customers who had purchased and complained to Pioneer about a defective DVD player.  *Pioneer*,

4   15 Cal.3d at 364.  The Court permitted disclosure of contact information regarding Pioneer's

5   complaining customers unless, following proper notice to them, they registered a written objection.

6   *Id*. at 374.  In determining whether to permit disclosure of the customers' contact information for a

7   potential class action, the Court employed a balancing test first set out in *Hill v. National Collegiate*

8   *Athletic Assn.*, 7 Cal.4th 1, 35-38 (1994).  The Court shall state each factor below and address how it

9   applies to the present case.

10       1.   <u>Legally Protected Privacy Interest</u>

11       First, the claimant must possess a "legally protected privacy interest."  *Pioneer*, 40 Cal.4th at

12   370; *Hill*, 7 Cal.4th at 35.  An interest in precluding the dissemination or misuse of sensitive and

13   confidential information is a legally protected interest.  *Pioneer*, 40 Cal.4th at 370 (internal citation

14   and quotations omitted).  In *Pioneer*, the Court found that Pioneer's customers might reasonably

15   expect to be notified of, and given an opportunity to object to, the release of their identifying

16   information to third persons.  *Id.* at 372.  However, the Court also found it unlikely "that these

17   customers, having already voluntarily disclosed their identifying information to that company in the

18   hope of obtaining some form of relief, would have a reasonable expectation that such information

19   would be kept private and withheld from a class action plaintiff who possibly seeks similar relief for

20   other Pioneer customers, unless the customer expressly consented to such disclosure."  *Id.* (italics

21   omitted).  "If anything, these complainants might reasonably expect, and even hope, that their names

22   and addresses would be given to any such class action plaintiff."  *Id.*

23       Here, Plaintiff seeks contact information both from Defendants' customers that complained

24   about international-roaming fees and Defendants' customers that did not complain.  Under *Pioneer*,

25   the Court finds that this first factor weighs in favor of disclosure of the former group but not the

26   latter.  Further, as discussed below, it is not clear that Plaintiff needs the contact information of

27   customers that have not complained, especially at this early stage in the litigation, given that

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

Plaintiff already has "thousands" of customer complaints in his possession.

       2.   <u>Reasonable Expectation of Privacy</u>

Second, the privacy claimant must possess a reasonable expectation of privacy under the particular circumstances, including "customs, practices, and physical settings surrounding particular activities. . . ." *Id.* at 370 (quoting *Hill*, 7 Cal.4th at 36). As *Hill* explains, "A reasonable expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms." *Id.* at 370-71 (internal citation and quotations omitted). In *Pioneer*, the Court found that no serious invasion of privacy would ensue "if release of complaining customer identifying information was limited to the named plaintiff in a class action filed against Pioneer, following written notice to each customer that afforded a chance to object." *Id.* at 372. The Court recognized that "the proposed disclosure was not 'particularly sensitive,' as it involved disclosing neither one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information, but merely called for disclosure of contact information already voluntarily disclosed to Pioneer." *Id.* The Court noted that contact information regarding the identity of potential class members "is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case," and that such disclosure "involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id.* at 373. The Court also noted that the order issued by the trial court required written notice of the proposed disclosure to all complaining Pioneer customers and gave them the opportunity to object to the release of their own personal identifying information. *Id.* Thus, the Court found no serious invasion of privacy.

Here, like in *Pioneer*, release of the customer identifying information would be limited to Plaintiff and his counsel in this case. Further, it involves disclosure of contact information already voluntarily disclosed to Defendants. This information will help Plaintiff learn the names of other persons who might assist in prosecuting this case, and it involves no revelation of personal or

UNITED STATES DISTRICT COURT
For the Northern District of California

1    business secrets, intimate activities, or similar private information.

2         As to providing a written notice to the customers, the Court finds such notice unnecessary.

3    First, *Pioneer* does not impose a notice requirement.  Second, notice would make no sense here, as

4    witnesses cannot choose to "opt out" of civil discovery.  *Tierno v. Rite Aid Corp.*, 2008 WL

5    3287035, at *3 (N.D. Cal. 2008).  "Generally, witnesses are not permitted to decline to participate in

6    civil discovery, even when the information sought from them is personal or private."  *Puerto v.*

7    *Superior Court*, 158 Cal.App.4th at 1242, 1256-57 (2008).  The Court notes that the minimal

8    information Plaintiff requests is indeed contemplated under the Federal Rules of Civil Procedure as

9    basic to the discovery process.  Specifically, Rule 26(a)(1)(A) requires each party to disclose before

10   formal discovery begins "the names, addresses and telephone numbers of each individual likely to

11   have discoverable information that the disclosing party may use to support its claims or defenses."

12   Here, many of Defendants' complaining customers may be considered percipient witnesses to the

13   relevant issue - international-roaming charges, and could therefore be considered persons having

14   discoverable knowledge and proper subjects of discovery.

15        Accordingly, the Court finds that this factor weighs in Plaintiff's favor.

16        3.    Whether the Invasion of Privacy is Serious in Nature

17

18        Third, the invasion of privacy complained of must be "serious" in nature, scope, and actual

19   or potential impact to constitute an "egregious" breach of social norms, for trivial invasions afford

20   no cause of action.  *Id.* at 371; *Hill*, 7 Cal.4th at 37.  In *Pioneer*, the Court does not address this

21   factor directly, but does state that the "limited disclosure to plaintiff of mere contact information

22   regarding possible class action members would not appear to unduly interfere with privacy

23   [interests], given that the affected persons readily may submit objections if they choose," and that

24   "Pioneer never suggested that plaintiff threatens to engage in any abusive conduct, or otherwise

25   misuse the information it sought."  *Pioneer*, 40 Cal.4th at 372.

26        In this case, Defendants do not argue that Plaintiff threatens to engage in abusive conduct or

27   otherwise misuse the information sought.  In fact, the information before the Court tends to show

28

6

that Plaintiff intends to use the customers' contact information regarding possible class members and certification.  Accordingly, this factor also weighs in favor of Plaintiff.

### 4.   Balancing Test

Assuming that a claimant has met the foregoing criteria for invasion of a privacy interest, that interest must be measured against other competing or countervailing interests in a "balancing test." *Id.* at 371; *Hill*, 7 Cal.4th at 37.  Thus, "[c]onduct alleged to be an invasion of privacy is to be evaluated based on the extent to which it furthers legitimate and important competing interests." *Hill*, 7 Cal.4th 38.  Protective measures, safeguards and other alternatives may minimize the privacy intrusion. "For example, if intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know, privacy concerns are assuaged." *Id.*  In *Pioneer*, the Court found that many of Pioneer's complaining customers would be percipient witnesses to relevant defects in the DVD players, and could therefore be considered persons having discoverable knowledge and proper subjects of discovery. *Pioneer*, 40 Cal.4th at 374.  The Court also found that, from the standpoint of fairness to the litigants in prosecuting or defending the class action, Pioneer would possess a significant advantage if it could retain for its own exclusive use its customers' contact information." *Id.*  "Were plaintiff also able to contact these customers and learn of their experiences, he could improve his chances of marshalling a successful class action against Pioneer, thus perhaps ultimately benefitting some, if not all, those customers." *Id.*  Thus, the Court found that "[i]t makes little sense to make it more difficult for plaintiff to contact them by insisting they first affirmatively contact Pioneer as a condition to releasing the same contact information they already divulged long ago." *Id.*  Finally, the Court noted that a rule requiring an affirmative waiver from persons whose personal identifying information is sought by others "could have potentially adverse effects in cases brought to redress a variety of social ills, including consumer rights litigation." *Id.*  Thus, on balance, the Court determined that discovery of Pioneer's complaining customers' contact information was permissible. *Id.*

Here, too, the Court finds that the balance of factors addressed in *Pioneer* weighs in favor of disclosure.  Many of Defendants' complaining customers would be proper subjects of discovery

UNITED STATES DISTRICT COURT
For the Northern District of California

1   given that it's possible their complaints regarding international-roaming fees are the same as

2   Plaintiff's.  Further, Defendants would possess a significant advantage if the Court allowed them to

3   retain the contact information for their own exclusive use and benefit.  On the other side, if Plaintiff

4   were able to contact these customers, he could improve his chances of marshalling a successful class

5   action, thus potentially benefitting some, if not all, of Defendants' customers.  Finally, as stated

6   above, many of Defendants' complaining customers would be percipient witnesses to the relevant

7   issue - international-roaming charges, and could therefore be considered persons having

8   discoverable knowledge and proper subjects of discovery.  Thus, one would reasonably expect

9   Defendants to have identified at least one complaining customer in the prospective class.  That

10  Defendants have not identified these potential class members suggests a possible divergence

11  between the interests of Defendants and the interests of its complaining customers.  This divergence

12  further suggests that Defendants' concern about the privacy rights of the potential class members is

13  actually driven more by their own self-interest.

14      Thus, in balancing the competing interests present here, the Court finds that the balance

15  weighs in favor of disclosure.

16      5.      California Public Utilities Code §2891

17

18      In the parties' letter, Defendants argue that the proper standard under which the Court must

19  address this dispute is under California Public Utilities Code section 2891 ("section 2891").  Section

20  2891 provides that no telephone corporation shall make available certain information without first

21  obtaining the customer's written consent.  Cal. Pub. Util. Code §2891.  However, section 2894 of the

22  utilities code provides an exception to this rule for court orders.  Cal. Pub. Util. Code §2894.

23  Moreover, Defendant's reading of section 2891 is not in line with the California Supreme Court's

24  decision in *Pioneer*.  Specifically, the *Pioneer* court noted that a rule requiring an affirmative waiver

25  from persons whose personal identifying information is sought by others "could have potentially

26  adverse effects in cases brought to redress a variety of social ills, including consumer rights

27  litigation."  *Id*.  Thus, the Court finds that section 2891 does not prohibit the disclosure of

28  Defendants' customers' contact information under a court order, and there is no requirement that the

8

Court require an affirmative waiver from any such persons.

      6.    <u>Summary</u>

Based on this analysis, the Court finds that Plaintiff's need for Defendants' customers' contact information outweighs Defendants' privacy concerns.  However, the Court does find that Plaintiff's request is overbroad, especially at this early stage in the litigation.  By Plaintiff's own admission, he is currently in possession of thousands of redacted customer complaints produced by Defendants.  (Joint Letter at 1.)  Plaintiff has not shown why these complaints will not provide enough contacts from whom he can obtain the necessary information for class certification.  Further, Plaintiff's request potentially sweeps far broader than potential class members.  His request seeks contact information for any California customer who incurred roaming charges for any one-minute call, (*Id.* at 5), yet this does not even exclude customers who purposefully made or received one-minute calls.  Accordingly, the Court finds that any disclosure of contact information should be limited to the contact information for those customers that submitted complaints or inquiries regarding the assessment of international-roaming charges where the customer claims he or she did not place or answer the call.

## IV.  CONCLUSION

Based on this analysis, IT IS HEREBY ORDERED that Plaintiff's request for Defendants' customers' contact information is GRANTED.  However, the request is deemed limited to customers who complained or inquired about international-roaming charges on unanswered incoming or outgoing calls.  Defendants shall provide the contact information within 14 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: April 16, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California