1 | MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
2 | jnadolenco@mayerbrown.com
JOSEPH W. GOODMAN (SBN 230161)
3 | jgoodman@mayerbrown.com
350 South Grand Avenue, 25th Floor
4 | Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
5 | Facsimile:    (213) 625-0248

6 | MAYER BROWN LLP
7 | KEVIN RANLETT (admitted *pro hac vice*)
kranlett@mayerbrown.com
8 | 1999 K Street, N.W.
Washington, DC  20006
9 | Telephone: (202) 263-3000
Facsimile:  (202) 263-3300

Attorneys for Defendants
AT&T Mobility LLC; New Cingular Wireless
PCS LLC, New Cingular Wireless Services,
Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**OAKLAND DIVISION**

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated,<br><br>               Plaintiff,<br><br>       v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC, NEW CINGULAR WIRELESS SERVICES, INC.; and DOES 1-50,<br><br>               Defendants. | Case No. CV-09-01117 CW (MEJ)<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING STAY PENDING APPEAL**<br><br>Judge:  Hon. Claudia Wilken |

On April 27, 2010, the U.S. Supreme Court issued its decision in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 2010 WL 1655826 (Apr. 27, 2010). *Stolt* effectively abrogates the Ninth Circuit decisions on which this Court relied in declining to enforce the arbitration agreement between the parties in this case and declining to stay proceedings pending defendants' appeal from that ruling. Given the intervening change in the law, defendants respectfully request leave under Local Rule 7-9 to file a motion for reconsideration of the order denying a stay.

## BACKGROUND

Plaintiff Steven McArdle sued defendants AT&T Mobility LLC *et al.* ("ATTM") in California state court, alleging inadequate disclosures of certain international-roaming charges and seeking to represent a putative class of California customers. After ATTM removed the action to this Court, it moved to compel arbitration of the dispute pursuant to the arbitration provision in McArdle's wireless service agreement, and McArdle moved to strike ATTM's defense of arbitration. *See* Dkt. #40, 47.

The principal issues raised by the motions were whether McArdle's arbitration agreement is unconscionable under California law because it requires that arbitration take place on an individual basis, and whether the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, would preempt McArdle's argument that it is. *See* Motion to Compel Arbitration, Dkt. #47, at 8-22. On September 3, 2009, the Court heard argument on the two motions and indicated that it would deny the motion to compel arbitration on the ground that ATTM's arbitration provision is unconscionable under California law because it bars class arbitration. Because counsel for ATTM indicated that ATTM would appeal that order and seek a stay during the appeal, the Court invited ATTM to submit an immediate motion for a stay pending appeal. Dkt. #70, at 2. In that motion, ATTM argued that when a party appeals from the denial of a motion to compel arbitration, a stay pending appeal is warranted so long as the appeal presents "substantial," non-frivolous objections. Motion to Stay, Dkt. #67, at 1. One of the two "substantial" questions that ATTM indicated it would be pursuing on appeal—and that warranted a stay—was whether the FAA would preempt any holding that ATTM's arbitration provision is unconscionable solely

because it requires that claims be arbitrated on an individual basis. *Id.*

On September 14, 2009, this Court denied ATTM's motion to compel arbitration and struck ATTM's defense of arbitration. Order, Dkt. #74. The Court held that ATTM's "arbitration provision is not enforceable" because its "class arbitration waiver is unconscionable" under California law. *Id.* at 11. The Court then held that ATTM's arguments that the FAA preempted the Court's state-law unconscionability ruling were foreclosed by *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007). Order, Dkt. #74, at 11-16.

In the same order, the Court denied ATTM's motion for a stay pending appeal. *Id.* at 20. The Court noted that ATTM's unconscionability and preemption arguments were already before the Ninth Circuit in other pending appeals. The Court explained that this case "is unlikely to proceed as far as trial before the Ninth Circuit rules and the merits discovery at least would be done even if the case were ultimately arbitrated." *Id.*

On October 6, 2009, ATTM filed a notice of appeal pursuant to Section 16 of the FAA, 9 U.S.C. § 16(a)(1)(A), which authorizes an immediate appeal of an order denying arbitration. Dkt. #79. After the Ninth Circuit rejected ATTM's unconscionability and preemption arguments in *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2010), the parties agreed to stay the briefing schedule pending the resolution of ATTM's petition for certiorari (captioned *AT&T Mobility LLC v. Concepcion*, No. 09-893).

In the meantime, the parties have begun litigating the merits of McArdle's claims. The discovery process has been—and continues to be—far-reaching, with ATTM producing more than 500,000 pages of documents so far, with many more to go. Decl. of Kevin Ranlett ¶¶ 3-4. In particular, McArdle has requested all of the Transferred Account Procedure ("TAP") records that ATTM has received from foreign carriers during the class period to document calls made by ATTM subscribers on those carriers' networks. *Id.* Ex. 1 at 9. Although McArdle has agreed to defer that request until after this Court decides whether to certify his requested class, it would require a massive undertaking to produce those documents: A single day's worth of TAP records could exceed 25 million pages. Decl. of Nicole Pettibon ¶ 4. Additional depositions and discovery related to experts also have yet to take place.

On April 27, 2010, McArdle filed a motion for class certification. Under the current schedule, ATTM's opposition is due on May 14, McArdle's reply is due on May 27, and the hearing is set for June 10, 2010.

On April 27, 2010, the Supreme Court also issued its decision in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 2010 W 1655826 (U.S. Apr. 27, 2010).

On May 3, 2010, the Supreme Court granted the petition for *certiorari* in *American Express Co. v. Italian Colors Restaurant*, No. 08-1473, vacated the judgment of the Second Circuit, and remanded for further consideration in light of *Stolt*. Ex. 1 at 1. In that case, the Second Circuit held that an agreement to arbitrate disputes on an individual basis was unenforceable in the context of a case raising complex antitrust claims that would cost more to prove than they were worth. *See In re Am. Express Merchants' Litig.*, 554 F.3d 300 (2d Cir. 2009). The Supreme Court's action indicates that it believes that there is "a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration" and that "such a redetermination may determine the ultimate outcome of the litigation." *Lawrence v. Chater*, 516 U.S. 163, 171-72 (1996).

Under the current schedule, the Supreme Court will consider ATTM's petition for *certiorari* in *Concepcion*—which challenges the Ninth Circuit's rejection of FAA preemption in *Laster*—at its conference on May 20, 2010. A ruling can be expected on May 24, as the Court customarily rules on petitions on the Monday following a conference.

## ARGUMENT

This Court's order denying ATTM's motion for a stay pending appeal is an interlocutory order subject to reconsideration. *See* Fed. R. Civ. P. 54(b). Under Local Rule 7-9, leave to file a motion for reconsideration of such an order is appropriate when the moving party can show "a change of law occurring after the time of such order." Local Rule 7-9(b)(1). The Supreme Court's intervening decision in *Stolt* is precisely the change in law contemplated by the rule. Indeed, the order granting, vacating, and remanding in *Italian Colors* is proof positive of that.

The issue in *Stolt* was "whether imposing class arbitration on parties whose arbitration clauses are 'silent' on that issue is consistent with the [FAA]." 2010 WL 1655826, at *4. The

-3-

Court held that it is not.

The Court reiterated its prior holdings that under the FAA parties "may agree on rules under which any arbitration may proceed," and reasoned from that proposition that parties also "may specify *with whom* they choose to arbitrate their disputes." *Id*. at *11. It follows, the Court concluded, "that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id*.

The Court explained that parties cannot be deemed to have "implicit[ly]" agreed to "class-action arbitration" because of the "degree" to which "class-action arbitration changes the nature of arbitration":

> In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. But the relative benefits of class-action arbitration are much less assured, giving reason to doubt the parties' mutual consent to resolve disputes through class-wide arbitration.
>
> Consider just some of the fundamental changes brought about by the shift from bilateral arbitration to class-action arbitration. An arbitrator chosen according to an agreed-upon procedure, no longer resolves a single dispute between the parties to a single agreement, but instead resolves many disputes between hundreds or perhaps even thousands of parties. Under the Class Rules, "the presumption of privacy and confidentiality" that applies in many bilateral arbitrations "shall not apply in class arbitrations," thus potentially frustrating the parties' assumptions when they agreed to arbitrate. The arbitrator's award no longer purports to bind just the parties to a single arbitration agreement, but adjudicates the rights of absent parties as well. And the commercial stakes of class-action arbitration are comparable to those of class-action litigation, even though the scope of judicial review is much more limited.

*Stolt*, 2010 WL 1655826, at *13.

*Stolt*'s conclusion that class arbitration is a different animal from individual arbitration mirrors the arguments we made in our motion to compel arbitration. *Compare id.* with ATTM's Motion to Compel Arbitration (Dkt. #47) at 19-22. Moreover, *Stolt* strongly supports our contention that the FAA would preempt any holding that California law precludes enforcement of McArdle's agreement to arbitrate his disputes with ATTM on an individual basis. After all, if the FAA precludes arbitrators from conducting class-wide arbitration when the parties'

agreement is silent on the subject, it follows inexorably that the FAA also precludes states from requiring parties to submit to class-wide proceedings as the price of obtaining admission to the arbitral forum.

This Court rejected ATTM's preemption arguments as foreclosed by *Shroyer*'s rejection of similar arguments on the ground that ATTM (then Cingular) could not establish "the main premise of its argument that the purposes and objectives of the [FAA] encourage individual arbitration and disfavor class arbitration." *Shroyer*, 498 F.3d at 990. ATTM respectfully submits that *Stolt* has abrogated *Shroyer* on this score. The very same fundamental problems with class arbitration that make it improper to assume that parties have agreed to class arbitration in the absence of express consent to that procedure also make it improper for states to insist upon that procedure as a condition of enforcing an arbitration agreement.

Moreover, as noted above, in a case that presents similar questions concerning whether the FAA requires the enforcement of agreements to arbitrate on an individual basis, the Supreme Court has already granted certiorari and vacated and remanded the case. *See* page 3, *supra*. That action confirms that the preemption argument raised by ATTM is a serious one and that it would be a grave injustice to require ATTM to continue bearing the enormous costs of litigation in this case when there is a very substantial possibility that either the Supreme Court or the Ninth Circuit will conclude that the FAA requires enforcement of McArdle's arbitration agreement.

## CONCLUSION

The Court should grant leave for ATTM to submit a motion for reconsideration of the Court's September 14, 2009 order denying ATTM's motion for a stay pending appeal of the order denying ATTM's motion to compel arbitration.

MAYER BROWN LLP
JOHN NADOLENCO
KEVIN RANLETT


By: /s Kevin Ranlett
    Kevin Ranlett
Attorneys for Defendants AT&T Mobility LLC;
New Cingular Wireless PCS LLC, and New
Cingular Wireless Services, Inc.

EXHIBIT 1

(ORDER LIST: 559 U.S.)

MONDAY, MAY 3, 2010

CERTIORARI -- SUMMARY DISPOSITIONS

07-1489    TRAINER WORTHAM & CO., ET AL. V. BETZ, HEIDE

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *Merck & Co.* v. *Reynolds*, 559 U.S. ___ (2010).

08-1473    AM. EXPRESS CO., ET AL. V. ITALIAN COLORS RESTAURANT, ET AL.

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Second Circuit for further consideration in light of *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. ___ (2010).  Justice Sotomayor took no part in the consideration or decision of this petition.

ORDERS IN PENDING CASES

09A886    DOE, J. V. DUNCAN, RICHARD L., ET AL.

Application for a stay addressed to Justice Stevens and referred to the Court is denied.

09M89    JONES, DIONNE R. V. VA DEPT. OF SOCIAL SERVICES

The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

09M90    BROWN, BRYCESON W. V. BANK OF AMERICA, ET AL.

The motion to direct the Clerk to file a petition for a writ of certiorari out of time under Rule 14.5 is denied.

| | |
|---|---|
| 09M91 | IN RE JANE DOE |

      The motion for leave to file a petition for a writ of habeas corpus under seal with redacted copies for the public record is denied.

| | |
|---|---|
| 09M92 | GRANDOIT, GERARD D. V. BANE, MICHAEL J., ET AL. |

      The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

| | |
|---|---|
| 08-1457 | NEW PROCESS STEEL, L.P. V. NLRB |

      The motion of Michigan Regional Council of Carpenters for leave to file a supplemental brief after argument is denied.

| | |
|---|---|
| 09-920 | SIMMONS, PAUL, ET AL. V. GALVIN, WILLIAM F. |

      The Solicitor General is invited to file a brief in this case expressing the views of the United States.

| | |
|---|---|
| 09-5801 | FLORES-VILLAR, RUBEN V. UNITED STATES |

      The motion of petitioner for appointment of counsel is granted.  Steven F. Hubachek, Esquire, of San Diego, California, is appointed to serve as counsel for the petitioner in this case.

| | |
|---|---|
| 09-9464 | MUSALL, JULIA L. V. OWENS, STELLA, ET AL. |

      The motion of petitioner for leave to proceed *in forma pauperis* is denied.  Petitioner is allowed until May 24, 2010, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33.1 of the Rules of this Court.

| | |
|---|---|
| 09-9669 | GAINES, SHAWN V. NYC TRANSIT AUTHORITY, ET AL. |

      The motion of petitioner for leave to proceed *in forma pauperis* is denied.  Petitioner is allowed until May 24, 2010, within which to pay the docketing fee required by Rule 38(a) and

to submit a petition in compliance with Rule 33.1 of the Rules of this Court.  Justice Sotomayor took no part in the consideration or decision of this motion.

**CERTIORARI DENIED**

| | |
|---|---|
| 08-1222 | BOY SCOUTS OF AMERICA, ET AL. V. BARNES-WALLACE, LORI, ET AL. |
| 09-740  | HILL, ANTOINE V. UNITED STATES |
| 09-766  | PALMYRA PACIFIC SEAFOODS, ET AL. V. UNITED STATES |
| 09-771  | ACCEPTANCE INSURANCE CO., INC. V. UNITED STATES |
| 09-772  | WESTERN RADIO SERVICES, ET AL. V. U.S. FOREST SERVICE, ET AL. |
| 09-900  | CARTY, LINDA A. V. THALER, DIR., TX DCJ |
| 09-910  | ATTEA, ELIAS H. V. DEPT. OF TAXATION, ET AL. |
| 09-912  | GHAZALI, ISSAM M. V. HOLDER, ATT'Y GEN. |
| 09-914  | MARKELL, GOV. OF DE, ET AL. V. OFFICE OF COMM'R OF BASEBALL |
| 09-1008 | SCOTT, MICHAEL, ET UX. V. SAMUEL I. WHITE, P.C., ET AL. |
| 09-1022 | BAYER SCHERING, ET AL. V. BARR LABORATORIES, INC. |
| 09-1025 | MONCIER, HERBERT S. V. USDC ED TN |
| 09-1029 | MASSI, GUY V. FLYNN, EDWARD, ET AL. |
| 09-1030 | KOEHNKE, SHERRI V. McKEESPORT, PA, ET AL. |
| 09-1033 | HUJAZI, MONICA V. CALIFORNIA |
| 09-1038 | WAGNER, ARTHUR C., ET AL. V. LIVE NATION MOTOR SPORTS, ET AL. |
| 09-1047 | TEKILA FILMS, INC., ET AL. V. NEW FORM INC. |
| 09-1048 | LIGGINS, KENNETH D. V. WILLIAM A. HAZEL, INC., ET AL. |
| 09-1050 | MARINE EXPRESS, INC. V. KARMIN, JERROD |
| 09-1053 | WALKER, TIMOTHY D., ET AL. V. WATERBURY, CT |
| 09-1070 | HARDY, GARY V., ET UX. V. MI DEPT. OF TREASURY |
| 09-1075 | MARYANYAN, MERSEN G., ET AL. V. HOLDER, ATT'Y GEN. |
| 09-1160 | J.P. MORGAN CHASE & CO. V. WHALEN, ANDREW |
| 09-7778 | RAY, SHEENA D. V. UNITED STATES |

| | |
|---|---|
| 09-8059 | ROSENCRANTZ, TIMOTHY V. LAFLER, WARDEN |
| 09-8327 | RUNGE, PAUL V. ILLINOIS |
| 09-8833 | BROWN, WILLIAM E. V. UNITED STATES |
| 09-8855 | MILLER, VICTOR C. V. GLANZ, STANLEY |
| 09-8972 | DALLAL, THOMAS A. V. NEW YORK TIMES COMPANY, ET AL. |
| 09-9137 | CALDWELL, KEITH R. V. UNITED STATES TAX COURT, ET AL. |
| 09-9317 | DOBBINS, DEMETRIUS D. V. CARLSON, WARDEN |
| 09-9318 | DREW, TROY D. V. MULLINS, LARRY, ET AL. |
| 09-9319 | DREW, TROY D. V. JABE, JOHN M., ET AL. |
| 09-9320 | COX, THOMAS F. V. ILLINOIS |
| 09-9321 | DENNIE, BRYAN V. NEVADA |
| 09-9323 | BROWN, JEROME J. V. HOWARD COUNTY POLICE DEPT. |
| 09-9324 | BROWN, JEROME J. V. COUNCIL, BARADEL, KOSMERL |
| 09-9325 | BROWN, JEROME J. V. UPPER MARLBORO POLICE, ET AL. |
| 09-9329 | CURRY, WILEY V. GABLES RESIDENTIAL SERVICES |
| 09-9341 | DAVILA, RUBEN T. V. CALIFORNIA |
| 09-9344 | WENTZ, JASON V. SEVIER, SUPT., MIAMI |
| 09-9346 | TAFARI, INJAH E. V. STEIN, SHELDON, ET AL. |
| 09-9359 | EATO, CHARLES J. V. FLORIDA |
| 09-9361 | EDMOND, RONALD W. V. THALER, DIR., TX DCJ |
| 09-9363 | WEAVER, LONNIE V. MISSISSIPPI |
| 09-9367 | DE LA CRUZ, EDWARD L. V. LARSON, WARDEN, ET AL. |
| 09-9370 | WILLIAMS, TREMAINE D. V. OKLAHOMA |
| 09-9373 | LANKSTER, ALBERT F. V. LINDEN, ALABAMA |
| 09-9377 | BANKS, ANDRE V. ILLINOIS |
| 09-9378 | ALFORD, LESTER V. POWER, ADM'R, E. JERSEY, ET AL. |
| 09-9379 | BRUNER, JIMMIE O. V. OKLAHOMA |
| 09-9380 | ARBUCKLE, CHRISTOPHER V. KNIGHT, SUPT., PLAINFIELD |

| | |
|---|---|
| 09-9381 | BARBOUR, KENNETH E. V. STANFORD, M., ET AL. |
| 09-9384 | MENDEZ, GABRIEL V. NEVEN, WARDEN |
| 09-9387 | DURSCHMIDT, KRIS V. CHANDLER, AZ |
| 09-9392 | HERNANDEZ, LEANDRO R. V. RUNNELS, WARDEN |
| 09-9398 | GURNSEY, JOSEPH L. V. CALIFORNIA, ET AL. |
| 09-9399 | FRASER, ALFRED T. V. HIGH LINER FOODS, INC., ET AL. |
| 09-9403 | NICHOLS, JAMES L. V. GEORGIA |
| 09-9407 | MANTZKE, BERNARD J. V. PROVINCE, WARDEN, ET AL. |
| 09-9408 | RENDER, DAVID V. HALL, COREY, ET AL. |
| 09-9414 | THORNTON, LAVELL V. ILLINOIS |
| 09-9418 | CHAPPELL, JAMES M. V. NEVADA |
| 09-9422 | McKINLEY, CHARLES V. THALER, DIR., TX DCJ |
| 09-9423 | PORTLEY-EL, PATRICK D. V. STEINBECK, ROBERT, ET AL. |
| 09-9425 | ORMOND, TERRY J. V. NEVADA |
| 09-9426 | McGORE, DARRYL V. LUDWICK, WARDEN, ET AL. |
| 09-9427 | MAYES, LAWRENCE L. V. PROVINCE, WARDEN |
| 09-9435 | RUFFIN, MANUEL T. V. NC DOC |
| 09-9439 | CALLENDER, ELMINA V. ROSS STORES, INC. |
| 09-9442 | YSAIS, CHRISTOPHER V. REYNOLDS, MATTHEW, ET AL. |
| 09-9465 | CANN, SAMUEL V. HAYMAN, COMM'R, NJ DOC, ET AL. |
| 09-9520 | THOMPSON, ANTHONY R. V. SOBINA, SUPT., ALBION |
| 09-9529 | dE LA GARZA, CESAR V. FABIAN, COMM'R, MN DOC |
| 09-9532 | ERBY, FRED V. BENNETT, C., ET AL. |
| 09-9533 | SOW, MOHAMED V. HOLDER, ATT'Y GEN. |
| 09-9538 | MENDOZA-MENDOZA, RODOLFO V. HOLDER, ATT'Y GEN. |
| 09-9557 | BOWIE, WILLIAM B. V. NORTH CAROLINA |
| 09-9563 | ROSARIO, NANCY V. CHAMBERLAIN, SUPT., MUNCY |
| 09-9604 | WALDRIP, ANTHONY V. HALL, WARDEN |

09-9612     SHERWOOD, BRENTT M. V. PENNSYLVANIA

09-9632     JACKSON, ANARIAN C. V. HOBBS, INTERIM DIR., AR DOC

09-9659     MURRELL, JOHNNIE K. V. SHINSEKI, SEC. OF VA

09-9662     OLMEDO, WILMER G. V. UNITED STATES

09-9689     BERRY, ROBERT F. V. SOUTH CAROLINA, ET AL.

09-9782     GALLO-MORENO, ARTURO V. UNITED STATES

09-9802     HYMAN, LOUIS A. V. UNITED STATES

09-9803     FLYNN, DANIEL T. V. VIRGINIA

09-9822     WILKERSON, JOHN V. UNITED STATES

09-9850     PARMALEE, ALLAN V. UTTECHT, SUPT., WA

09-9862     AKERS, MONTGOMERY C. V. USDC CO

09-9878     SCINTO, PAUL V. FEDERAL BUREAU OF PRISONS

09-9882     SYNDAB, WINSTON D. V. UNITED STATES

09-9883     SMITH, DeCARLOS V. MARBERRY, WARDEN

09-9892     COOPER, MARSHELL V. UNITED STATES

09-9893     DENMARK, MICHAEL G. V. UNITED STATES

09-9894     DISLA, EDWIN V. UNITED STATES

09-9899     MILLER, THOMAS L. V. UNITED STATES

09-9902     JOHNSON, CLIFFINA, ET AL. V. UNITED STATES

09-9904     LOCKETT, BRYANT V. UNITED STATES

09-9905     MATTHEWS, GARY A. V. UNITED STATES

09-9909     NELSON, KRISTIAN D. V. UNITED STATES

09-9912     MERTENS, KEVIN V. USPS

09-9914     GARCIA-SANDOVAL, JUAN V. UNITED STATES

09-9915     JORDAN, MICHAEL B. V. UNITED STATES

09-9916     GARCIA-LIMONES, JOSE R. V. UNITED STATES

09-9922     AJIJOLA, MOSHOODI E. V. UNITED STATES

09-9924     COLEMAN, KENNETH V. UNITED STATES

| | |
|---|---|
| 09-9926 | WALLACE, TYRONE V. BLEDSOE, WARDEN, ET AL. |
| 09-9927 | PARKER, KEITH V. UNITED STATES |
| 09-9928 | CRAIG, ANTONIO M. V. UNITED STATES |
| 09-9929 | CHARLES, McGHEE V. UNITED STATES |
| 09-9932 | DOVE, DANIEL L. V. UNITED STATES |
| 09-9933 | DYER, MARK D. V. UNITED STATES |
| 09-9934 | GOVAN, THOMAS V. UNITED STATES |
| 09-9935 | THOMPSON, THERON J. V. UNITED STATES |
| 09-9936 | GREEN, QUANTRELLE V. UNITED STATES |
| 09-9937 | HILTON, CHRISTOPHER J. V. UNITED STATES |
| 09-9946 | CHARLES, STEVENSON V. UNITED STATES |
| 09-9948 | HENRY, WALTER V. UNITED STATES |
| 09-9949 | BELL, JERMAINE V. UNITED STATES |
| 09-9951 | AITCH, MOSHE D. V. UNITED STATES |
| 09-9960 | ESCOBAR DE JESUS, EUSEBIO V. UNITED STATES |
| 09-9961 | CHAPMAN, GEORGE R. V. UNITED STATES |
| 09-9963 | DYCHES, LENNELL V. UNITED STATES |
| 09-9964 | DANIELS, DANNY V. UNITED STATES |
| 09-9971 | MIRELES, JOSE T. V. UNITED STATES |
| 09-9975 | BRACKEN, TIAH L. V. UNITED STATES |
| 09-9976 | BRANCH, JASON E. V. UNITED STATES |
| 09-9977 | PARKER, CARL A. V. UNITED STATES |
| 09-9978 | VILLASENOR, ARTURO V. UNITED STATES |
| 09-9981 | DAVIS, LaTOYIN V. UNITED STATES |
| 09-9984 | ELLIOTT, DAMON E. V. UNITED STATES |
| 09-9985 | RYAN, MICHAEL G. V. UNITED STATES |
| 09-9987 | JONES, ERIC L. V. UNITED STATES |
| 09-9989 | MEDINA-CASTELLANOS, CARLOS J. V. UNITED STATES |

| | |
|---|---|
| 09-9990 | HAMBLEN, RICHARD V. UNITED STATES |
| 09-9992 | MASSEY, DERRICK V. UNITED STATES |
| 09-9997 | MARSHALL, RIVIERA V. UNITED STATES |
| 09-9998 | JUVENILE MALE V. UNITED STATES |
| 09-10001 | BLACKMON, DERRICK D. V. UNITED STATES |
| 09-10002 | BOYD, JESSE V. UNITED STATES |
| 09-10005 | SMITH, TERRENCE V. UNITED STATES |
| 09-10006 | EVANS, COREY V. UNITED STATES |
| 09-10007 | NICHOLS, NYRON J. V. UNITED STATES |
| 09-10011 | HALL, THERESA V. UNITED STATES |
| 09-10014 | PINKNEY, MARCUS J. V. UNITED STATES |
| 09-10022 | McKNIGHT, JOSHUA A. V. UNITED STATES |

The petitions for writs of certiorari are denied.

08-1315  PHARMACIA CORP., ET AL. V. AK ELEC. PENSION FUND, ET AL.

The petition for a writ of certiorari is denied. The Chief Justice took no part in the consideration or decision of this petition.

09-1042  SHAH, BHUPENDRA K. V. NY DEPT. OF CIVIL SERV., ET AL.

The petition for a writ of certiorari is denied. Justice Sotomayor took no part in the consideration or decision of this petition.

09-9332  ROBENSON, LOUIS V. HASZINGER, STEPHEN

The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed. See Rule 39.8.

09-9336  BONILLA, OFIDIO V. JARONCZYK, JOHN, ET AL.

The petition for a writ of certiorari is denied. Justice Sotomayor took no part in the consideration or decision of this

8

           petition.

09-9362    ROBENSON, LOUIS V. McNEIL, SEC., FL DOC

           The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.

09-9376    KEARNEY, RICHARD V. GRAHAM, SUPT., AUBURN

           The petition for a writ of certiorari is denied.  Justice Sotomayor took no part in the consideration or decision of this petition.

09-9400    MATTHEWS, FELTON L. V. ENDEL, A., ET AL.

           The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.

09-9531    ERICKSON, HEIDI K. V. LAU, JEAN

           The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.  As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1.  See *Martin* v. *District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (*per curiam*).  Justice Stevens dissents.  See *id.,* at 4, and cases cited therein.

09-9626    ABASCAL, ISIDRO V. JARKOS, STEVE, ET AL.

09-9954    RODRIGUEZ, JOSE H. V. UNITED STATES

09-9968    LIGGINS, DURRELL V. UNITED STATES

           The petitions for writs of certiorari are denied.

Justice Sotomayor took no part in the consideration or decision of these petitions.

## HABEAS CORPUS DENIED

| | |
|---|---|
| 09-10090 | IN RE TIMOTHY F. FRAZIER |
| 09-10165 | IN RE JERMAINE A. YOUNG |

The petitions for writs of habeas corpus are denied.

## MANDAMUS DENIED

| | |
|---|---|
| 09-9366 | IN RE HUBERT WARREN |
| 09-9369 | IN RE HUBERT WARREN |

The motions of petitioner for leave to proceed *in forma pauperis* are denied, and the petitions for writs of mandamus are dismissed. See Rule 39.8.

## REHEARINGS DENIED

| | |
|---|---|
| 08-10932 | BATEKREZE, FIDELE B. V. ARIZONA |
| 09-807 | DENEAL, JAMES H. V. SHAVER, RONNY |
| 09-7699 | HOFFMAN, BRUCE W. V. HOFFMAN, FRANCES J. |
| 09-7780 | KENNEDY, RICHARD D. V. LOCKETT, JOHN R., ET AL. |
| 09-7892 | KINNARD, SAMMIE D. V. METRO. POLICE DEPT., ET AL. |
| 09-7894 | LIGGON-REDDING, ELIZABETH V. WILLINGBORO TOWNSHIP, NJ, ET AL. |
| 09-8023 | BAEZ, ROBERTO V. JAMES, JUDGE, ETC. |
| 09-8230 | WATSON, WILLIE V. NEIGHBORS CREDIT UNION, ET AL. |
| 09-8305 | WOOTEN, ANTHONY V. MICHIGAN |
| 09-8307 | TRUSS, LEARONARDO V. THOMAS, WARDEN, ET AL. |
| 09-8333 | BOWMAN-GOONE, EVELYN V. GORDON, JUSTICE, ETC., ET AL. |
| 09-8368 | MARTIN, MILTON L. V. JENKINS, WARDEN |
| 09-8381 | BRADDEN, MICHAEL L. V. THALER, DIR., TX DCJ |
| 09-8683 | BROWN, TERRY V. UNITED STATES |
| 09-8838 | McNEILL, MICHAEL V. RUFFIN, MIKE |

09-8906    MILLAN, CLAUDIO V. SO. CA EDISON CO.

09-8976    McCRAY, ELIZABETH V. FRANCIS HOWELL SCH. DIST.

09-9131    WYATT, JOHN M. V. UNITED STATES

    The petitions for rehearing are denied.

09-7853    WENDELL, DENNIS H. V. USDC ND NY

    The petition for rehearing is denied.  Justice Sotomayor took no part in the consideration or decision of this petition.

09-8331    RITTER, MARTHA V. RITTER, E. KERFOOT

    The motion of petitioner to defer consideration of the petition for rehearing is denied.  The petition for rehearing is denied.

## ATTORNEY DISCIPLINE

D-2465    IN THE MATTER OF DISBARMENT OF EDDIE MICHAEL POPE

    Eddie Michael Pope, of Austin, Texas, having been suspended from the practice of law in this Court by order of March 1, 2010; and a rule having been issued and served upon him requiring him to show cause why he should not be disbarred; and a response having been filed;

    It is ordered that Eddie Michael Pope is disbarred from the practice of law in this Court.