GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181466)
SETH A. SAFIER (State Bar No. 197427)
L. JAY KUO (State Bar No. 173293)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
835 Douglass Street
San Francisco, California 94144
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; NEW CINGULAR WIRELESS SERVICES, INC., AND DOES 1 THROUGH 50<br><br>Defendants | Case No.: CV-09-01117 (CW)<br><br>**PLAINTIFF'S PRELIMINARY OPPOSITION TO MOTION TO STAY CLASS CERTIFICATION SCHEDULE AND MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>HON. JUDGE CLAUDIA WILKEN |

Twelve days before they must file an opposition to Plaintiff's pending motion for class certification, Defendants move this Court to stay the class certification briefing and hearing, indefinitely. They have set no hearing date on the motion to stay.[1]

In support of their motion, Defendants acknowledge that: (1) they previously, unsuccessfully, moved to compel arbitration; (2) they previously, unsuccessfully, sought a stay pending appeal; and (3) the Court of Appeal, in several identical cases, has rejected all their identical arguments. But, based on a new Supreme Court opinion, *Stolt-Nielsen S. A. v. AnimalFeeds International Corporation,* No. 08-1198, 2010 U.S. Lexis 3672 (Apr. 27, 2010) ("*Stolt-Nielsen*"), they contend there are grounds for this Court to reconsider its denial of a motion to stay pending appeal, and they want to delay class certification until the motion for reconsideration may be heard. Because nothing in *Stolt-Nielsen* changes the law applicable to any issue in this case, there are no grounds to stay the class certification schedule or these proceedings, and both motions should be denied.

This Court previously denied Defendants' motion to compel arbitration because the arbitration provision included an unconscionable class action waiver, and that waiver was non-severable. *See* Order Denying Defendants' Motion To Compel Arbitration, Dkt.# 74 (Sept. 14, 2009), at 11. In pertinent part, the contract stated:

> YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and AT&T agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. ***If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.***

Safier Decl., Dkt.# 41 (July 2, 2009), at Ex. A, p. 6. (emphasis added.)

The Court concluded that the class action waiver was unconscionable and unenforceable under California law, citing a long line of Ninth Circuit and California state court precedents, several of which had been decided against these very Defendants. *See* Order at 4-11, *citing, e.g.,*

---

[1] Because there is no hearing date on the motion, Plaintiff does not know when his opposition is due. *See* Local Rule 7-3 (opposition due 21 days before hearing). Nor does he know when the motion will be heard. It is also unclear whether Defendants intend to timely file their opposition to class certification if the Court does not take up this motion in the next ten days.

*Shroyer v. New Cingular Wireless Services*, Inc., 498 F.3d 976 (9th Cir. 2007) and *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005).  Because the arbitration provision was "null and void" under its own terms, arbitration could not be compelled.  *Id*. at 11.

In reaching its ruling, this Court (like the Ninth Circuit) rejected Defendants' argument that the Federal Arbitration Act ("FAA") pre-empted the California law of unconscionability.  *Id.* at 11-16; *see also Shroyer,* 498 F.3d at 990.  It relied on the Supreme Court's holding that section 2 of the FAA does not preempt state laws that apply to contracts generally, and on the fact that under California law, class action waivers may be held unenforceable in all contracts, regardless of whether they are connected to arbitration clauses.  *See* Order at 11, *citing Preston v. Ferrer,* 552 U.S. 346, 354-56 (2008)*; Discover Bank,* 36 Cal. 4th at 161; and Cal. Civ. Code § 1668; *see also Shroyer,* 498 F. 3d at 990.

*Stolt-Nielsen* provides no basis to reexamine these rulings.  Indeed, *Stolt-Nielsen* does not discuss **either** unconscionability of class action waivers **or** preemption, nor does it cite section 2 of the FAA, *Preston v. Ferrer,* or any other case interpreting that section.  In *Stolt-Nielsen,* an arbitration agreement governing a dispute between two sophisticated businesses was silent as to whether it permitted class arbitration, but the arbitrators decided to permit class arbitration.  *See Stolt-Nielsen*, 2010 U.S. Lexis 3672, at *27-28.  The Supreme Court rejected the arbitrators' decision, holding that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 40 (emphasis original.)  It explained that "Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties." *Id.* at 37. [2]

Here, this Court has done exactly what *Stott-Nielsen requires:*  it has given effect to the parties' agreement that if the class action wavier is unenforceable, the arbitration provision is "null and void."  Nothing in *Stott-Nielsen* changes the law as to whether a class action waiver is

---

[2] Moreover, as stated in Justice Ginsburg's dissent, "by observing that 'the parties [here] are sophisticated business entities,' and 'that it is customary for the shipper to choose the charter party that is used for a particular shipment,' the Court apparently spares from its affirmative-authorization requirement contracts of adhesion presented on a take-it-or-leave-it basis." *Stott-Nielsen,* 2010 U.S. LEXIS at 66 (Ginsberg, J., dissenting) (brackets original.)

unenforceable.  While the Supreme Court gave many reasons that parties might not want to submit to class arbitration, including less confidentiality and judicial review, *id.* at 42-45, it did not say that parties can agree by contract to have *neither* class arbitrations *nor* class litigation.  Certainly it did not say that the FAA preempts any state law that makes class action waivers generally unenforceable.  Indeed, to the extent that the Supreme Court even mentioned state law, it was to chide the arbitrators for failing to examine it, because it might have implied relevant terms into the arbitration agreement that was silent on the issues presented.  *See id.* at 20-22 & n.5.

Because *Stott-Nielsen* does not change the law on any issues presented in this case, there is no basis for further delay.  Accordingly, both the motion to stay and the motion for leave to seek reconsideration should be denied.

Dated:  May 5, 2010                                           **GUTRIDE SAFIER LLP**

By: /s/ Seth A. Safier
Adam J. Gutride
Seth A. Safier
L. Jay Kuo
Kristen G. Simplicio
835 Douglass Street
San Francisco, California 94119

# PROOF OF SERVICE

I, Seth A. Safier, declare:

My business address is 835 Douglass Street, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On May 6, 2010, I served the following document:

**PLAINTIFF'S PRELIMINARY OPPOSITION TO MOTION TO STAY CLASS CERTIFICATION SCHEDULE AND MOTION FOR LEAVE TO SEEK RECONSIDERATION**

ON THE FOLLOWING PERSON(S) IN THIS ACTION BY PLACING A TRUE COPY THEREOF AS FOLLOWS:

| | |
|---|---|
| JOHN NADOLENCO | KEVIN RANLETT |
| MAYER BROWN LLP | MAYER BROWN LLP |
| 350 South Grand Avenue, 25th Floor | 1999 K Street, N.W. |
| Los Angeles, CA 90071-1503 | Washington, DC 20006 |
| jnadolenco@mayerbrown.com | kranlett@mayerbrown.com |

[x] BY EMAIL. I caused said documents to be transmitted by electronic mail to the email addresses indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on May 6, 2010, at San Francisco, California.

/s/ Seth A. Safier

_____
Seth A. Safier, Esq.
835 Douglass Street
San Francisco, California 94114

Attorneys for Plaintiff