IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; and NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>    Defendants. | No. C 09-1117 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND MOTION TO STAY CLASS CERTIFICATION BRIEFING<br>(Docket Nos. 114 and 118) |

    In this action, Plaintiff Steven McArdle claims that Defendants AT&T Mobility LLC, et al., charge their customers international roaming fees without providing adequate disclosure. In July, 2009, Defendants moved to compel arbitration pursuant to Plaintiff's subscriber agreement. The Court denied Defendants' motion, concluding that the agreement's prohibition on class arbitration is unconscionable. Because the prohibition is not severable from the rest of the arbitration provision, the Court deemed the entire provision unenforceable. Defendants appealed and moved to stay this action pending their appeal. The Court denied Defendants' motion to stay.

    Defendants now move for leave to file a motion to reconsider the Court's order denying their motion to stay. In addition, Defendants move to stay briefing on Plaintiff's motion for class certification pending the Court's decision on their motion for

leave.  Defendants' opposition to the class certification motion is due May 14, 2010.

Under Civil L.R. 7-9, a party may ask a court to reconsider an interlocutory order if the party can show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Defendants argue that the Supreme Court's recent decision in Stolt-Nielsen S.A. v. AnimalFeeds International Corp., ___ U.S. ___, 2010 WL 1655826, is a change of law that warrants granting their motion for leave.  There, an arbitration panel imposed class arbitration on the parties, even though their agreement to arbitrate had been "silent" on the issue.  Id. at *4.  The Court held the panel's decision in error, stating that the panel's "conclusion is fundamentally at war with the foundational FAA principle that arbitration is a matter of consent."  Id. at *13.  Although an arbitrator may presume implicit authorization "to adopt such procedures as are necessary to give effect to the parties' agreement," class-action arbitration is not among them.  Id.  "This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator."  Id.

2

Defendants assert that Stolt-Nielsen creates a substantial question as to whether the "FAA would preempt any holding that California law precludes enforcement of McArdle's agreement to arbitrate his disputes with" them on an individual basis. Mot. for Leave at 4. The Court disagrees. The issue presented in Stolt-Nielsen was "whether imposing class arbitration on parties whose arbitration clauses are 'silent' on that issue is consistent with the Federal Arbitration Act (FAA)." 2010 WL 1655826, at *4. The Supreme Court did not address FAA preemption. Nor did it overrule its precedent upon which the Ninth Circuit relied in Shroyer v. New Cingular Wireless Services, Inc., which held that California law on unconscionability could render an arbitration clause unenforceable, 498 F.3d 976, 986-87 (9th Cir. 2007).[1] Stolt-Nielsen is distinguishable both on the facts and the law and, therefore, does not require this Court to reconsider its order on Defendants' motion to stay this action pending their appeal.

Defendants also cite the Supreme Court's action in American Express Co. v. Italian Colors Restaurant, in which the Court granted the petition for certiorari, summarily vacated the judgment of the Second Circuit and remanded the case for further consideration in light of Stolt-Nielsen. ___ U.S. ___, 2010 WL 1740528 (Mem.). In the underlying case, In re American Express Merchants' Litigation, the Second Circuit held unenforceable a class action waiver in an arbitration agreement because "to do so

---

[1] The Ninth Circuit recently held that Shroyer continues to control on this point. Laster v. AT&T Mobility LLC, 584 F.3d 849 (9th Cir. 2009). Defendants have filed a petition for certiorari in Laster, upon which they expect the Supreme Court to rule on May 24.

3

would grant Amex de facto immunity from antitrust liability by removing the plaintiffs' only reasonably feasible means of recovery." 554 F.3d 300, 320 (2d Cir. 2009). It is true that the action taken in Italian Colors reveals "a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration" and "such a redetermination may determine the ultimate outcome of the litigation." Lawrence v. Chater, 516 U.S. 163, 167 (1996). However, like Stolt-Nielsen, Italian Colors did not address preemption of state law providing generally applicable contract defenses. Indeed, the Second Circuit expressly disavowed reliance on a finding of unconscionability, stating that it relied "on a vindication of statutory rights analysis." In re Am. Express, 554 F.3d at 320. Although Stolt-Nielsen may raise a substantial question as to whether such an analysis remains viable when considering the enforceability of class action waivers in arbitration agreements, it does not inexorably follow that the application of state contract defenses is equally in doubt.

Accordingly, the Court DENIES Defendants' motion for leave to file a motion to reconsider. (Docket No. 114.) Because the Court has resolved Defendants' motion for leave, Defendants' motion to stay class certification briefing is DENIED as moot. (Docket No. 118.) Defendants' opposition to Plaintiff's motion for class certification is due May 14, 2010.

IT IS SO ORDERED.

Dated: May 10, 2010

CLAUDIA WILKEN
United States District Judge