IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; and NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>    Defendants. | No. C 09-1117 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION (Docket No. 129) |

    Defendants AT&T Mobility LLC, et al., move for leave to file a motion to reconsider the Court's order denying their motion for a stay pending appeal.[1] A hearing on Plaintiff's motion for class certification is scheduled for June 10, 2010.

    Under Civil L.R. 7-9, a party may ask a court to reconsider an interlocutory order if the party can show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable

---

[1] Defendants seek leave to file a motion to reconsider the Court's May 10, 2010 Order, which denied them leave to file a motion to reconsider the Court's order denying a stay pending appeal. The Court therefore understands Defendant's current motion to seek reconsideration of the order denying a stay pending appeal.

> diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

On May 24, 2010, the Supreme Court granted certiorari in AT&T Mobility LLC v. Concepcion. ___ S. Ct. ___, 2010 WL 303962 (Mem.). The question presented by the certiorari petition is

> Whether the Federal Arbitration Act preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures -- here, class-wide arbitration -- when those procedures are not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims.

Pet. for a Writ of Certiorari, AT&T Mobility LLC, 2010 WL 304265. In the underlying case, Laster v. AT&T Mobility LLC, the Ninth Circuit affirmed the district court's denial of AT&T's motion to compel arbitration. 584 F.3d 849, 859 (9th Cir. 2009). The court based its decision in large part on Shroyer v. New Cingular Wireless Services, Inc., which held that California law on unconscionability could render an arbitration clause unenforceable, 498 F.3d 976, 986-87 (9th Cir. 2007).

The Court finds that Defendants make the requisite showing under Civil L.R. 7-9 and, accordingly, GRANTS their motion for leave to file a motion to reconsider. (Docket No. 129.) Defendants' briefing for its current motion and its motion filed on May 4, 2010 will be considered for its motion to reconsider. Plaintiff shall file an opposition brief within three days of the date of this Order. A reply, if any, shall be due three days thereafter. The motion will be taken under submission on the

2

papers.

Defendants shall produce their subscribers' contact information in accordance with Magistrate Judge Maria-Elena James's Order of April 16, 2010. (Docket No. 94.) Plaintiff, however, shall not contact any of Defendants' subscribers based on information obtained through this discovery. This Order renders moot Defendants' emergency motion to stay their obligation under Magistrate Judge James's Order. (Docket No. 132.)

The Court VACATES the hearing on Plaintiff's Motion for Class Certification, scheduled for June 10, 2010.

IT IS SO ORDERED.

Dated: May 27, 2010

CLAUDIA WILKEN
United States District Judge