IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; and NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>    Defendants.<br>_____/ | No. C 09-1117 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION, DENYING AS MOOT DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO RESPOND AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO STRIKE (Docket Nos. 129 and 178) |

    Defendants AT&T Mobility LLC, et al., move for reconsideration of the Court's order denying their motion for a stay pending appeal. Plaintiff opposes the motion. After briefing closed on Defendants' motion, Plaintiff filed a three-page brief, entitled "Notice of Recent Authority," regarding an order on a motion to stay in <u>Kaltwasser v. Cingular Wireless LLC</u>, No. 07-0411 JF. Defendants move for leave to respond to this brief or, in the alternative, for an order striking it. The motions were taken under submission on the papers. Having considered the parties' papers, the Court GRANTS Defendants' motion for reconsideration and STAYS this action. Defendants' administrative motion for leave to

respond is DENIED as moot; their alternative motion to strike is GRANTED.

BACKGROUND

AT&T Mobility is a cellular telephone service provider. It owns New Cingular Wireless PCS LLC and New Cingular Wireless Services, Inc. Plaintiff is a customer of AT&T.

Plaintiff alleges that Defendants do not disclose various charges assessed against customers who use their phones outside the United States. He brings claims under California law for false advertising, unfair business practices, fraud and violation of the Consumers Legal Remedies Act.

Plaintiff's service agreement with Defendants contains an arbitration provision that requires the parties to the agreement to arbitrate "all disputes and claims" between them. The provision prohibits Defendants' customers from pursuing claims in arbitration on behalf of a class of individuals. According to its express terms, the prohibition on class arbitration is not severable from the rest of the arbitration provision.

On July 30, 2009, Defendants moved to compel arbitration. The Court denied their motion, concluding that Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir. 2007), and Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005), controlled the outcome of this case. In Shroyer, the Ninth Circuit applied the three-part Discover Bank test to determine whether a class action waiver in a consumer contract is unconscionable under California law. 498 F.3d at 983. Applying that test here, the Court determined that the class

action waiver provision in Plaintiff's service agreement is unconscionable. In doing so, the Court rejected Defendants' arguments that the Federal Arbitration Act (FAA) expressly and impliedly preempted generally applicable state unconscionability law. Defendants moved for a stay of this action pending their appeal of the Court's decision not to compel arbitration; the Court denied this motion.

Defendants now seek reconsideration of their request for a stay based on the United States Supreme Court's decision to grant the petition for certiorari in AT&T Mobility LLC v. Concepcion. ___ S. Ct. ___, 2010 WL 303962 (Mem.). The question presented by the certiorari petition is

> Whether the Federal Arbitration Act preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures -- here, class-wide arbitration -- when those procedures are not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims.

Pet. for a Writ of Certiorari, AT&T Mobility LLC, 2010 WL 304265. In the underlying case, Laster v. AT&T Mobility LLC, the Ninth Circuit affirmed the district court's denial of AT&T's motion to compel arbitration. 584 F.3d 849, 859 (9th Cir. 2009). The court based its decision in large part on Shroyer.

The Supreme Court's action in Concepcion came after its decision in Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 130 S. Ct. 1758 (2010), which, in an earlier motion for reconsideration, Defendants argued justified a reconsideration of whether this action should be stayed. In Stolt-Nielsen, the Court addressed "whether imposing class arbitration on parties whose arbitration clauses are 'silent' on that issue is consistent with

3

the Federal Arbitration Act (FAA)." Id. at 1764. The issue arose from an arbitration panel's decision that the parties' arbitration clause permitted class arbitration, even though their agreement to arbitrate had been "silent" on the issue.[1] Id. The Court rejected the arbitration panel's imposition of class arbitration, stating that the panel's "conclusion is fundamentally at war with the foundational FAA principle that arbitration is a matter of consent." Id. at 1775.

Plaintiff currently has a motion for class certification before the Court. The hearing on Plaintiff's motion was set for June 10, 2010, which the Court vacated in light of Defendants' motion for reconsideration. On June 17, 2010, Plaintiff filed a three-page "Notice of Recent Authority," which provided argument concerning a district court's decision on an emergency motion to stay in light of Concepcion. The decision cited by Plaintiff was explicitly designated not for publication or citation. However, the same district court issued a later order, in which it deferred deciding on the plaintiff's motion for class certification "pending the ruling of the United States Supreme Court in AT&T Mobility LLC v. Concepcion" or until it issued a further order. Kaltwasser, 2010 WL 2557379, at *3 (N.D. Cal.).[2]

## DISCUSSION

Some jurisdictions hold that the trial court must stay

---

[1] AnimalFeeds explained that all "the parties agree that when a contract is silent on an issue there's been no agreement that has been reached on that issue." Stolt-Nielsen, 130 S. Ct. at 1766.

[2] Although this order was designated not for citation, the Kaltwasser court subsequently granted permission for it to be cited. Kaltwasser, No. 07-0411 JF, slip op. at 2 (N.D. Cal. June 30, 2010).

4

proceedings while a denial of a motion to compel arbitration is appealed. See, e.g., Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505-06 (7th Cir. 1997); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215, n.6 (3rd Cir. 2007). However, the Ninth Circuit has held that a district court has discretion to decide whether to grant a stay, reasoning that a mandatory stay

> would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration. The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration. See, e.g., Pearce v. E.F. Hutton Group, Inc., 828 F.2d 826, 829 (D.C. Cir. 1987) (district court, after denying appellant's motion to compel arbitration, granted its motion for a stay pending appeal because it found appellant's claim raised issues of first impression and that appellant would suffer substantial harm if the action were not stayed); C.B.S. Employees Federal Credit Union v. Donaldson, 716 F. Supp. 307 (W.D. Tenn. 1989) (developing test to determine whether district court should stay trial proceedings pending appeal from denial of motion to stay proceedings pending arbitration). This is a proper subject for the exercise of discretion by the trial court.

Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). If the appeal is successful, any judgment rendered in the trial court will be vacated and the parties will be required to arbitrate the claim. Id. at 1410.

Britton refers to two cases which provide guidance as to how a trial court should exercise discretion regarding whether to grant a stay pending an appeal. Id. at 1412. The one most relevant here is C.B.S. Employees Federal Credit Union v. Donaldson, 716 F. Supp. 307, 309 (W.D. Tenn. 1989), in which the court determined that a stay pending appeal of the denial of a motion to compel arbitration falls under Federal Rule of Civil Procedure 62(c) and thus is

5

1 subject to the four part test set out by the United States Supreme
2 Court in Hilton v. Braunskill, 481 U.S. 770, 776 (1987). C.B.S.,
3 716 F. Supp. at 309.
4     In Golden Gate Restaurant Association v. City and County of
5 San Francisco, the Ninth Circuit explained how the Hilton test is
6 applied.  512 F.3d 1112, 1115-16 (9th Cir. 2008).  A party seeking
7 a stay must show either (1) a strong likelihood of success on the
8 merits of its appeal and the possibility of irreparable harm, or
9 (2) that serious questions regarding the merits exist and the
10 balance of hardships tips sharply in its favor.  Id. at 1115.
11 These two alternatives "represent two points on a sliding scale in
12 which the required degree of irreparable harm increases as the
13 probability of success decreases."  Id. at 1116.  (citation and
14 internal quotation marks omitted).  A court must "consider where
15 the public interest lies separately from and in addition to whether
16 the applicant for stay will be irreparably injured absent a stay."
17 Id. (citation and internal quotation and alteration marks omitted).
18     Plaintiff acknowledges that the Supreme Court's recent actions
19 have raised substantial questions regarding whether this case can
20 proceed as a class action, if at all.  Because such questions
21 exist, a stay is warranted if the balance of hardships tips in
22 Defendants' favor.
23     Defendants contend that allowing litigation to proceed would
24 lead to additional costs, which may be unnecessary.  They note
25 that, if the Court were to grant Plaintiff's motion for class
26 certification, its decision could be vacated based on the outcome
27 in Concepcion.  Thus, they argue, any litigation activity
28 concerning class certification, along with the expenses incurred as

6

1  a result, could be in vain.  In addition, Defendants contend that
2  discovery requests, requiring the expansive production of
3  documents, remain pending and that responding to them would entail
4  significant cost.  For his part, Plaintiff does not argue that he
5  would be prejudiced by a stay.  Instead, he suggests that the costs
6  of which Defendants complain are minimal and that the public
7  interest favors allowing this case to proceed because there is "a
8  risk of lost evidence" and Defendants may be "destroying call
9  detail records and billing data."  Opp'n at 6-7.
10       The balance of hardships tips in Defendants' favor.  The
11 litigation expenses that Defendants would incur in defending this
12 action outweigh Plaintiff's unsubstantiated fear concerning the
13 wrongful destruction of call records.  Indeed, Defendants represent
14 that these records "are now being maintained indefinitely."  Reply
15 at 6.  If evidence shows otherwise, Plaintiff may move for
16 appropriate relief under Federal Rule of Civil Procedure 37.  Also,
17 it is not apparent that the financial burden of continuing to
18 litigate this action is as inconsequential as Plaintiff suggests;
19 he acknowledges that expert discovery and dispositive motion
20 practice remain ahead, which necessarily would increase Defendants'
21 costs.  Because the viability of prosecuting this case as a class
22 action is in question, it is not apparent that Defendants should
23 bear this additional expense.  In addition, the public interest in
24 the preservation of judicial resources weighs in favor of staying
25 this case.
26       Plaintiff cites the Court's decision in <u>Bradberry v. T-Mobile</u>
27 <u>USA</u> to deny the defendant's motion for a stay pending appeal.  2007
28 WL 2221076, at *5 (N.D. Cal.).  The circumstances in <u>Bradberry</u> are

7

distinguishable. The Court's decision in Bradberry came before the Supreme Court called Shroyer into question. Moreover, the Bradberry defendant moved for a stay before significant discovery had occurred. Thus, the Court denied the defendant's motion "without prejudice to refiling if discovery becomes burdensome or if the trial date approaches." Id. Here, substantial discovery has already taken place. Based on the circumstances here, a stay is warranted.

Finally, the Court finds that Plaintiff violated the Civil Local Rules by submitting his "Notice of Recent Authority." Civil Local Rule 7-3(d) permits the filing of a "Statement of Recent Decision" without leave of the Court, so long as it is done "without argument." Because it was filed without leave, Plaintiff's three-page submission, which contained argument, constitutes unauthorized briefing. Furthermore, Plaintiff cited a decision by the Kaltwasser court that was designated not for publication or citation. This contravenes Civil Local Rule 3-4(e). And, as noted above, that court issued a subsequent order taking the position contrary to Plaintiff's. Accordingly, the Court strikes Plaintiff's submission from the record.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for reconsideration (Docket No. 129), DEFERS deciding Plaintiff's motion for class certification and STAYS this action pending the United States Supreme Court's final action in Concepcion. Within fourteen days of the date of that action, the parties shall file a joint brief that offers a proposal on how the Court should proceed in light of the decision in Concepcion.

8

The Court STAYS discovery and VACATES all current case management dates.  A further case management conference will be held on December 14, 2010 at 2:00 p.m.

Defendants' administrative motion for leave to respond to Plaintiff's Notice of Recent Authority is DENIED as moot; their alternative motion to strike Plaintiff's notice is GRANTED. (Docket No. 178.)

IT IS SO ORDERED.

Dated: July 20, 2010

CLAUDIA WILKEN
United States District Judge