# GUTRIDE SAFIER LLP   Attorneys at Law

November 20, 2012

**VIA ECF**
Hon. Maria-Elena James
United States Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: _McArdle v. AT&T Mobility, et al.,_ 4:09-cv-01117

Dear Judge James:

Plaintiff Steven McArdle ("Plaintiff") and Defendants AT&T Mobility LLC; New Cingular Wireless PCS LLC; and New Cingular Wireless Services, Inc. (collectively, "ATTM") respectfully request this Court's assistance in resolving a discovery dispute. On October 23, 2012, counsel for Plaintiff and ATTM met and conferred in person, but were unable to resolve their differences.

The discovery dispute is set forth below. Copies of ATTM's objections to Plaintiffs' interrogatories and requests for production are attached as Exhibits A and B, respectively.

Respectfully submitted,

s/ Seth A. Safier
Seth A. Safier
Adam J. Gutride
Kristen G. Simplicio
Gutride Safier, LLP

Attorneys for Plaintiff Steven McArdle

s/ Archis A. Parasharami
Kevin Ranlett
Evan M. Tager
Archis A. Parasharami
Mayer Brown LLP

Attorneys for Defendants AT&T Mobility LLC; New Cingular Wireless PCS LLC, and New Cingular Wireless Services, Inc.

*McArdle v. AT&T, et al*, Case No. 4:09-cv-1117                                                    Page 1

## I. Factual Background

On September 14, 2009, this Court denied ATTM's motion to compel arbitration of plaintiff Steven McArdle's claims, and ATTM appealed. The case was later stayed pending the outcome of ATTM's appeal when the Supreme Court granted *certiorari* in *AT&T Mobility LLC v. Concepcion*. On August 31, 2012, in light of the Supreme Court's decision in *Concepcion*, the Ninth Circuit issued a memorandum decision, remanding for this Court to consider "McArdle's arguments based on generally applicable contract defenses." Ex. C at 2.[1]

On remand, McArdle intends to oppose arbitration on five grounds: (1) no arbitration agreement was formed because ATTM's agreement was unenforceable under applicable law at the time of contracting; (2) there is no valid arbitral forum; (3) ATTM has waived its rights to arbitration by asking courts to enjoin other customers from arbitrating; (4) the arbitration agreement is unconscionable because it provides no method to vindicate individual rights; and (5) the agreement is void because it bars McArdle from seeking public injunctive relief *in any forum*. ATTM contests each of these arguments and further contends that the last one will be affected by the Ninth Circuit's pending *en banc* decision in *Kilgore v. Key Bank, N.A.*, No. 09-16703. *Kilgore* will resolve whether the Federal Arbitration Act ("FAA") preempts California's rule against arbitrating claims for public injunctive relief under certain California statutes. McArdle requests such relief under those California statutes; Thelian requests similar relief under New York law. (ATTM contends that California law governs Thelian's claims.) The *en banc* oral argument is scheduled to take place during the week of December 10, 2012. ATTM has requested that *McArdle* and *Thelian* be stayed until *Kilgore* is decided. McArdle and Thelian oppose the stay on the ground that *Kilgore* will not resolve the issue here, because their arbitration agreements bar public injunctive relief in *either* arbitration *or* court and therefore violate public policy. This Court has not yet ruled on the stay requests. Meanwhile, McArdle served ATTM with 34 requests for production of documents and two interrogatories (with eight subparts). ATTM objected to each request. Counsel for the parties met and conferred in person, but were unable to resolve this dispute, except that McArdle agreed to limit each request to seek information only from the wireless provider, AT&T Mobility LLC.

## II. Plaintiff's Position

Plaintiff must be permitted to present this Court with a full record before it is asked to determine whether there exists an agreement to arbitrate; whether there is a valid arbitral forum; whether ATTM has waived its rights to seek arbitration; and/or whether the arbitration agreement is unconscionable or void for reasons other than those considered in *Concepcion*.

ATTM argues that discovery should be disallowed because "courts consistently have held that 'arbitration-related discovery is neither necessary nor proper.'" The Ninth Circuit has stated, however, that "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," like those set forth above by ATTM, "do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). ATTM also argues that Plaintiff had ample opportunity to obtain discovery before the Supreme Court decided Concepcion. But, this Court denied ATTM's motion to compel arbitration in 2009, long before Concepcion, and Plaintiff had no reason to believe that further briefing on the enforceability of the arbitration clause would be necessary. Thus, Plaintiff's delay was not in bad faith, or dilatory, nor did it prejudice ATTM. No good cause exists to deny discovery under Rule 26(b)(2)(C)(ii).

Plaintiff propounded various categories of discovery pertaining to his contract-related defenses, including: (1) what changes, if any, have been made to ATTM's arbitration provision (Plaintiff's Requests for Production ("RFP") No. 57), (2) how those changes have been communicated to, and accepted by, consumers (including Plaintiff) (RFP Nos. 53-56, 58-61), (3) how many arbitration requests ATTM has received, how many went forward and what, if anything, ATTM did to resolve them, including whether or not it paid any

---

[1] While the Ninth Circuit appeal was pending, plaintiff Kenneth Thelian—represented by the same counsel as McArdle—filed a related putative class action that was coordinated with *McArdle* and stayed along with it. Order, *Thelian v. AT&T Mobility LLC*, No. 4:10-cv-03440-CW, Dkt. No. 5; Order, *Thelian, supra*, Dkt. No. 9.

"premiums" or costs (Plaintiff's Interrogatories ("ROG") 1 and 2, and RFP Nos. 41-52, 62), (4) the fairness of the forum (RFP Nos. 63-66), and finally (5) how often ATTM has actually sued its own customers to *prevent* them for proceeding with arbitration (RFP Nos. 35-40).  ATTM has refused to produce any of the requested information.

The discovery will enable Plaintiff to show in several ways that the arbitration agreement is illusory. First, ATTM changed the terms and conditions at whim without any consideration to Plaintiff or the class. To that end, Plaintiff must have evidence of the arbitration agreements and changes thereto.[7]  ATTM argues that all of Plaintiff's contractual documents have been produced; if that is the case, ATTM should revise its non-answers.  Because ATTM refuses to even answer the RFPs pertaining to this issue, Plaintiff assumes that other versions may still exist.

Second, Plaintiff will show that while ATTM argues that the contract precludes consumers from seeking public injunctive relief in any forum, it has no qualms about seeking such relief *against* those consumers. Last year, for example, when ATTM announced its intention to merge with T-Mobile, thousands of ATTM customers filed arbitrations against ATTM seeking to prevent the merger.  In response, ATTM filed lawsuits *in court* seeking to enjoin the customers from proceeding with the arbitration, even though the agreement purports to waive all parties' right to sue in court.[8] This heads ATTM wins, tails the consumer loses approach to arbitration is the very definition of substantive unconscionability and also provides a basis for an argument of waiver. Plaintiff accordingly seeks discovery into these facts.[9] While ATTM has provided some docket numbers their response here, Plaintiff has no assurance that these are the only cases at issue.  Likewise, there may be additional non-public information, such as correspondence and settlements between parties, that would relate to Plaintiff's argument.[10]

Third, Plaintiff propounded document requests seeking information about arbitration decisions between consumers and ATTM and any subsequent petitions or motions arising out of those decisions, to show that ATTM's proposed arbitration mechanism is an inadequate forum for consumers, unfairly favors ATTM, and does not provide meaningful relief. [11]  To put it another way, Plaintiff intends to demonstrate that ATTM's scheme deprives consumers of the ability to vindicate even their individual rights.  *See, e.g., Hamby*, 2011 U.S. Dist. LEXIS 77582 (holding that *Concepcion* "does not stand for the proposition that a party can never oppose arbitration on the ground that the arbitration clause is unconscionable"; granting ex parte application to compel discovery on the issue of unconscionability).  Plaintiff propounded a series of requests seeking information about other customers' arbitrations.  The reason for these requests is because Plaintiff intends to argue that no arbitrations ever took place, and when customers did file for arbitration, ATTM sued to stop them from happening.  ATTM attempts to draw a parallel to *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1006-07 (N.D. Cal. 2011).  While it is true Judge Breyer denied requests for discovery into other consumers' arbitrations, there is nothing in the order that explains why the plaintiff there sought that information.  Here, Plaintiff's theory is that the arbitration remedy is a sham; evidence that no other arbitrations ever occurred

---

[7] RFP Nos. 53-61 relate to the formation of the contract.  RFP Nos. 53 and 54 asks for the documents and contracts for Kenneth Thelian, the plaintiff in the related action.  ATTM has objected on the grounds that Mr. Thelian is not a party to the *McArdle* case. But Mr. Thelian is represented by the same counsel in a related case; Plaintiff McArdle propounded his request as a matter of judicial economy.  Further, Mr. Thelian is a complaining witness to the same conduct at issue in this case, and therefore documents pertaining to his relationship with Defendants would be relevant and discoverable.  Finally, ATTM has represented that it seeks to join Mr. Thelian's arbitration dispute with Plaintiff's, and thus, Plaintiff should be entitled to information about Mr. Thelian's dispute.

[8] RFP Nos. 35-39 relate to this argument.

[9] ATTM mischaracterizes the holding in *Hendricks v. AT&T Mobility LLC*, 823 F. Supp. 2d 1015, 1023-24 (N.D. Cal. 2011), which found that ATTM's actions in seeking to litigate the merger disputes were irrelevant to that plaintiff's defense of the doctrine of unclean hands.  *Id.* at 1023-24.  Plaintiff intends to present a different argument: namely that ATTM is barred under doctrines of waiver and estoppel.

[10] If ATTM agrees to provide a complete list of all these cases, Plaintiff will review the dockets and determine the dockets about which he would like any non-public information.

[11] Requests Nos. 40-52 pertain to the inadequate remedies and other defects in the process. Requests Nos. 63-66 relate to the unfairness and bias of the AAA forum.

would support that that argument and should be permitted.[12]

Furthermore, the designated arbitral forum, the AAA, has imposed a "moratorium" on consumer debt collection arbitrations initiated by businesses or credit collectors because of "weaknesses" in its arbitration process.  *See* http://www.adr.org/sp.asp?id=36432, last visited July 27, 2011.  The AAA is funded largely by massive institutional clients.  A lack of neutrality undoubtedly not only serves as a deterrent to filing a claim, but renders ATTM's touted "kickers" empty gestures, while increasing the likelihood that consumers will be found responsible for all the costs of the proceeding.[13]  A competitor to the AAA that also had been selected by many institutional clients came under fire because of a similar perceived lack of neutrality, and it agreed as part of a settlement to cease all consumer arbitrations.  *See* Stipulation and Agreement of Settlement, Dkt.# 82-1, *In re National Arbitration Forum Trade Practices Litigation*, MDL No. 10-2122 (D. Minn. Apr. 13, 2011), at ¶ 4.1.1, copy available at http://www.arbitrationsettlement.com/pdf/settlement-agreement.pdf (last visited July 27, 2011).  Plaintiff propounded discovery into ATTM's knowledge of these inherent weaknesses and flaws in the system to show that the AAA forum used by ATTM does not adequately protect against these known flaws with the systems, and results in ATTM obtaining an inherent advantage while consumers suffer.  Contrary to ATTM's argument, docket statistics alone are insufficient. If ATTM has internal memorandum on the intrinsic unfairness of the AAA forums and proceeded to force arbitration on its consumers anyway, Plaintiff should be able to use that evidence to illustrate that there could not have been a meeting of the minds.

### III. Defendants' Position

McArdle seeks discovery to oppose enforcement of an arbitration agreement the substance of which has been upheld by the U.S. Supreme Court, the Ninth Circuit, and five judges in this District alone. His indefensibly far-reaching discovery requests contravene the FAA's restrictions on discovery in connection with a motion to compel arbitration. The FAA "call[s] for an expeditious and summary hearing [on such motions], with only *restricted inquiry* into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-23 (1983) (emphasis added). Thus, the "FAA provides for discovery * * * in connection with a motion to compel arbitration *only if* 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4) (emphasis added). In other words, the party seeking discovery must show why it is needed to oppose the motion to compel arbitration—and cannot request it simply to raise the opposing party's costs.[14]

There is good cause for entry of a protective order.  *First*, because Judge Wilken has not yet decided whether to continue the stay in this case pending the outcome in *Kilgore*, this discovery dispute is premature.

*Second*, McArdle already had years to take arbitration-related discovery—and obtained reams of it—before the Supreme Court decided *Concepcion*.[15] Rule 26(b)(2)(C)(ii) bars further discovery when, as here, "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Although *Concepcion* resolved the scope of preemption by the FAA, the law governing "McArdle's arguments

---

[12] ATTM also relies on *Kaplan v. AT&T Mobility LLC,* 2011 U.S. Dist. LEXIS 154070 (C.D. Cal. Aug. 11, 2011) for the related proposition that arbitration discovery is not proper.  But again, in *Kaplan*, there is no evidence in the order that the plaintiff there sought discovery for the reasons Plaintiff here seeks it—namely to show the illusory nature of the remedy.

[13] RFP Nos. 47 and 49-51 go to the costs that consumers who proceed to arbitration have historically assumed, and will show that ATTM uses threats of cost-shifting to deter consumers from pursuing their claims.

[14] *See, e.g., Wolff v. Westwood Mgmt., LLC*, 558 F.3d 517, 521 (D.C. Cir. 2009) ("The district court did not abuse its discretion in refusing appellants' request for discovery" because appellants "failed to demonstrate" how the requested discovery "would have assisted them in opposing the motion to compel arbitration"); *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (affirming denial of "arbitration-related discovery" because "the requested information was either irrelevant, already within the personal knowledge of the [plaintiffs], or did not support a recognizable [defense to arbitrability] under Mississippi law").

[15] Moreover, ATTM previously produced all versions of its consumer arbitration provision during the relevant period and all then-existing documents relating to McArdle.  His unwillingness to search his own files does not justify forcing ATTM to produce them a second time (RFP Nos. 55, 57).  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

based on generally applicable contract defenses"—the sole focus on remand—is otherwise unchanged.

**Third**, the requests are improper on their own merits, as Judge Breyer held in forbidding virtually identical requests in *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1006-07 (N.D. Cal. 2011). That is because the requests are overbroad or irrelevant to McArdle's arguments on remand, each of which boils down to a legal issue that can be resolved using information that he already has or that is publicly available. Thus, "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

McArdle's first argument—that his arbitration agreement is void because he entered into it thinking that it was unenforceable—turns on whether that purported defense is valid as a matter of law. He doesn't need discovery to know what his own expectations were. And this argument fails as a matter of law, as another federal judge held in a case involving McArdle's counsel. *See Murphy v. DirecTV, Inc.*, 2011 WL 3319574, at *2-*3 (C.D. Cal. Aug. 2, 2011); *see also*, *e.g.*, *Meyer*, 836 F. Supp. 2d at 1001 (rejecting argument that *Concepcion* does not apply retroactively). And he has no reason for requesting documents referencing arbitration that were sent to all ATTM customers—as well as the names, addresses, and phone numbers of such customers (FRP Nos. 57-61). That information is irrelevant to the enforceability of **his** contract, and producing it not only would be an invasion of privacy, but also would require colossal efforts to compile information about millions of people, most of whom would not be putative class members. *See Hodsdon v. DIRECTV, LLC*, 2012 WL 5464615, at *8 (N.D. Cal. Nov. 8, 2012) (rejecting discovery requests that are "focus[ed] on [defendants'] customers in general, rather than on the only relevant customers, which are Plaintiffs themselves.").

McArdle's second argument—that the non-profit AAA is biased against consumers—turns on the soundness of his legal contention that an agreement to arbitrate administered by a provider he alleges to be biased is unenforceable. The Supreme Court has held that "speculat[ion]" that "arbitration panels will be biased" is not a ground for invalidating an arbitration agreement; rather, the party opposing arbitration must "show[]" that the "arbitration **rules**" are "inadequate to guard against potential bias." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30 (1991) (emphasis added). ATTM already has provided McArdle with the arbitration rules. And Rule 26(b)(2)(C)(i)'s bar on discovery that "can be obtained from some other source that is more convenient, less burdensome, or less convenient" precludes McArdle's requests because publicly available information gives him ample fodder for his argument. For example, the AAA's website has an online docket showing the number of cases against particular businesses and, in some cases, the amount of the award and the allocation of arbitration costs; an explanation of the "moratorium" on debt-collection arbitrations against consumers that McArdle mentions; and reports showing consumers' win rate in cases against businesses.[19] McArdle hasn't explained why he **also** needs records from and information about a decade's worth of arbitrations and pre-arbitration disputes—including ones involving nonconsumers and customers with **different** arbitration provisions than McArdle (RFP Nos.41-52, 62; ROG Nos. 8-9)—much less documents concerning a Minnesota lawsuit against an arbitration provider not used by ATTM (RFP No. 66). His requests thus are improper. *See*, *e.g.*, *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 899 (2d Cir. 1991) (rejecting request to "'engage[] in a fishing expedition in an attempt to determine if there is some basis, however farfetched, to prosecute a claim of bias'" on the part of an arbitrator, without first "present[ing] clear evidence of any impropriety"). (Some of his requests on this topic are impossibly vague; McArdle asked for all documents relating to any "weakness" or "fairness" or "unfairness" in the AAA's arbitration process. RFP Nos. 64-65. Such requests are improper. *See*, *e.g.*, *Ivory v. Tilton*, 2012 WL 3870010, at *6 (E.D. Cal. Sept. 6, 2012) (request for documents about "mistreatment" is improperly "vague").)

McArdle's third argument—that ATTM waived its arbitration rights by obtaining injunctions against other customers' arbitrations—hinges on whether a party's alleged breach of an arbitration agreement with a third party voids its arbitration agreements with everyone else. (It does not, as Judge Breyer recently held in

---

[19] Consumer Arbitration Statistics, http://www.adr.org/cs/idcplg?IdcService=GET_FILE&dDocName=ADRSTG_020811&RevisionSelectionMethod=LatestReleased; Analysis of the AAA's Consumer Arbitration Caseload, http://www.adr.org/aaa/ShowPDF?doc=ADRSTG_004325; Searle Civil Justice Institute Report on Consumer Arbitration, http://www.adr.org/cs/idcplg?IdcService=GET_FILE&dDocName=ADRSTG_010205&RevisionSelectionMethod=LatestReleased.

rejecting a virtually identical argument. *Hendricks v. AT&T Mobility LLC*, 823 F. Supp. 2d 1015, 1023-24 (N.D. Cal. 2011).) In any event, to make his argument, McArdle needs to know only the circumstances of those cases—and ATTM will send his counsel copies of those decisions. He does not explain what he hopes to learn by forcing ATTM and its counsel to review their files and conduct extensive (and expensive) privilege reviews. He also pointlessly demands all documents relating to a law firm's website soliciting customers to bring the enjoined arbitrations. RFP No. 38. For that information, he can subpoena the law firm that created the website.

McArdle's fourth argument—that his agreement is unenforceable because he cannot feasibly arbitrate on an individual basis—is foreclosed by *Coneff v. AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012).[22] There, the Ninth Circuit held that a "factual record regarding the cost-effectiveness of individual pursuit of claims" under ATTM's provision is irrelevant after *Concepcion*. *Id.* at 1160.[23] Even if not barred by precedent, McArdle's inquisition into a decade's worth of arbitrations and pre-arbitration disputes—including ones that do not involve California consumers with McArdle's arbitration provision or even putative class members—would be unwarranted. The fairness of the arbitration provision can be determined from the terms of the provision itself and the arbitration provider's rules, which McArdle has already. *See Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828-29 (S.D. Miss. 2001) (barring discovery "on the subject of '[w]hat the arbitration entails—its costs, its procedures, etc.'" because "the court can fathom no reason that" such information could not be ascertained from the arbitration agreement and the arbitral rules, which "set forth the procedures and rules" that would apply). He also can rely on the AAA's docket and statistics to argue that relatively few consumers arbitrate. And to the extent that his requests are intended to test whether ATTM honors its commitments made in its arbitration provision, discovery is unnecessary because the provision creates binding legal obligations that the arbitrator and this Court could enforce. For these reasons, since *Concepcion*, *every* court to consider similar requests for discovery into ATTM's arbitration program has held that "arbitration-related discovery is neither necessary nor proper." *Kaplan v. AT&T Mobility LLC*, 2011 WL 7409078, at *1 (C.D. Cal. Aug. 9, 2011).[24]

Discovery also is not needed for McArdle's fifth argument—that his agreement violates California public policy because it forbids public injunctive relief. That is a pure question of law. In this paper, McArdle for the first time raises a sixth argument—that his arbitration agreement is illusory because ATTM has revised it over the years. But ATTM already has provided each revision, making further discovery unnecessary.

*Fourth*, McArdle's requests for documents relating to Thelian (RFP Nos. 53-54)) are improper for four reasons. First, ATTM previously produced many of them and should not be required to produce them again. Second, many documents pertain to the merits of the underlying claims—a topic that is off-limits at the motion-to-compel-arbitration stage. *Simula*, 175 F.3d at 726. Third, now that Thelian has filed his own lawsuit, he can submit his own discovery requests when permitted by Rule 26(d)(1); his lawyer cannot flout that rule by submitting the request in another case. Fourth, the documents are irrelevant. McArdle suggests that Thelian is a "witness" to the "conduct at issue," but the only conduct relevant at this stage is the agreement to arbitrate.

If the Court is inclined to allow discovery, ATTM is prepared to discuss its objections to each request at

---

[22] McArdle seeks all documents related to *Coneff*. RFP No. 40. Yet he cannot re-litigate a Ninth Circuit decision. And most of those documents are either (1) available on the court's docket; (2) sealed by court order; or (3) so obviously protected by the attorney-client privilege or work-product doctrine as to suggest that McArdle's motive for demanding them is to force ATTM to undertake an onerous privilege review.

[23] McArdle cites a single decision in support of his request for discovery, *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163 (S.D. Cal. 2011). But *Hamby* predates *Coneff*. It also did not authorize discovery into issues that are legal questions or foreclosed by precedent, or discovery that would be more onerous than illuminating.

[24] *Accord Laster v. T-Mobile USA, Inc.*, 2012 WL 1681762, at *3 (S.D. Cal. May 9, 2012) (denying leave to take discovery on remand from Supreme Court's decision in *Concepcion*); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 2011 WL 2886407, at *6 (N.D. Cal. July 19, 2011) (rejecting request for "arbitration related discovery" as "unnecessary"); *see also Kaltwasser v. AT&T Mobility LLC*, 812 F. Supp. 2d 1042, 1049 (N.D. Cal. 2011) ("[I]t is incorrect to read *Concepcion* as allowing plaintiffs to avoid arbitration agreements on a case-by-case basis simply by providing individualized evidence about the costs and benefits at stake."). Courts also have rejected similar requests for discovery into "all arbitrations" involving other companies. *See, e.g.*, *Pleasants v. Am. Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008); *Meyer*, 836 F. Supp. 2d at 1007; *Honig v. Comcast of Ga. I, LLC*, 537 F. Supp. 2d 1277, 1284 n.3 (N.D. Ga. 2008); *Hodsdon*, 2012 WL 5464615, at *8

a hearing.

# EXHIBIT A

1    MAYER BROWN LLP
     JOHN NADOLENCO (SBN 181128)
2    jnadolenco@mayerbrown.com
     JOSEPH W. GOODMAN (SBN 230161)
3    jgoodman@mayerbrown.com
     350 South Grand Avenue, 25th Floor
4    Los Angeles, CA  90071-1503
     Telephone:    (213) 229-9500
5    Facsimile:    (213) 625-0248

6
     MAYER BROWN LLP
7    KEVIN RANLETT (admitted *pro hac vice*)
     kranlett@mayerbrown.com
8    1999 K Street, N.W.
     Washington, DC  20006
9    Telephone: (202) 263-3000
     Facsimile:  (202) 263-3300
10
     Attorneys for Defendant
11   AT&T MOBILITY LLC

12                  **UNITED STATES DISTRICT COURT**

13                      **NORTHERN DISTRICT**

14                      **OAKLAND DIVISION**

15   STEVEN MCARDLE, an individual, on behalf      Case No. CV-09-01117 CW (MEJ)
     of himself, the general public and those
16   similarly situated,                           **DEFENDANT AT&T MOBILITY LLC'S**
                                                    **OBJECTIONS AND RESPONSES TO**
17                 Plaintiff,                       **PLAINTIFF'S SECOND SET OF**
                                                    **SPECIALLY PREPARED**
18          v.                                      **INTERROGATORIES**

19   AT&T MOBILITY LLC; NEW CINGULAR
20   WIRELESS PCS LLC, NEW CINGULAR
     WIRELESS SERVICES, INC.; and DOES 1-          Judge:  Hon. Claudia Wilken
21   50,

22                 Defendants.

23   PROPOUNDING PARTY:              PLAINTIFF
24
     RESPONDING PARTY:               AT&T MOBILITY LLC; NEW
25                                   CINGULAR WIRELESS PCS LLC; and
                                     NEW CINGULAR WIRELESS
26                                   SERVICES, INC.

27   SET NO.:                        TWO
28

1      Defendants AT&T Mobility LLC, New Cingular Wireless PCS LLC, and New Cingular

2    Wireless Services, Inc. (collectively, "ATTM") hereby object and respond to plaintiff's Second

3    Set of Specially Prepared Interrogatories as follows:

4                          **PRELIMINARY STATEMENT**

5      ATTM's responses to these interrogatories are made solely for the purpose of this action.

6    Each response is made subject to all objections as to relevance, materiality, propriety,

7    admissibility, privilege, privacy, proprietary information, trade secrets and the like, and any and

8    all other objections on grounds that would require the exclusion of any response herein if such

9    were offered in Court, all of which objections and grounds are reserved and may be interposed at

10   the time of trial.

11      No incidental or implied admissions are intended in these responses. ATTM's response

12   to any interrogatory should not be taken as an admission that ATTM accepts or admits the

13   existence of any fact(s) set forth or assumed by that interrogatory or that such response

14   constitutes admissible evidence. ATTM's response to any interrogatory is not intended to be,

15   and shall not be construed as, a waiver by ATTM of any or all objection(s) to that interrogatory.

16      ATTM has not completed its (a) investigation of the facts relating to this case, (b)

17   discovery in this action, or (c) preparation for trial. The following responses are based upon

18   information known at this time and are given without prejudice to ATTM's right to amend,

19   supplement or revise these responses.

20                          **GENERAL OBJECTIONS**

21      ATTM responds to each and every interrogatory subject to the general objections set

22   forth herein. The general objections are incorporated into each and every one of ATTM's

23   responses, whether or not specifically referred to therein. ATTM may specifically refer to one or

24   more general objections in responding, but failure to do so shall not be construed as a waiver of

25   that objection. The raising of a specific objection, moreover, does not constitute a waiver of any

26   other applicable objection. ATTM is continuing its investigation in this action and reserves the

27   right to rely upon facts, documents, or other evidence that may come to its attention at a later

28   time. Further, ATTM reserves the right to supplement or amend these responses at any time

1    prior to the trial of this action.

2         1.      ATTM objects to each interrogatory that seeks to impose obligations beyond the

3    requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any

4    other applicable law, and ATTM assumes no obligation to supplement beyond what is required

5    by the Federal Rules of Civil Procedure and local rules of the Northern District of California.

6         2.      ATTM objects to the definition of "YOU" such that it causes each interrogatory

7    to seek information not in ATTM's possession, custody, or control.

8         3.      ATTM objects to the interrogatories to the extent that they subvert the strong

9    public policy favoring arbitration of the Federal Arbitration Act ("FAA") because they conduct

10   an impermissible fishing expedition in the hopes of identifying a ground for invalidating

11   ATTM's arbitration provision.  *See*, *e.g.*, *Creative Homes & Millwork, Inc. v. Hinkle*, 426 S.E.2d

12   480, 482 (N.C. Ct. App. 1993) ("A foundation of the arbitration process is that by mutual

13   consent the parties have entered into an abbreviated adjudicative procedure, and to allow 'fishing

14   expeditions' to search for ways to invalidate the award would tend to negate this policy.")

15   (internal quotation marks omitted); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828 (S.D.

16   Miss. 2001) ("[I]t does not follow from the fact that defendant takes the position that he did not

17   agree to arbitration that discovery is needed to determine whether the ostensible arbitration

18   agreement is enforceable.  The terms of the original agreement and amendment notification can

19   be gleaned from the documents themselves."), *aff'd*, 34 F. App'x 964 (5th Cir. 2002); *Gates v.

20   Veravest Invs., Inc.*, No. 04-146, 2004 WL 1173145, at *10 (D. Or. May 25, 2004), *adopted*,

21   2004 WL 1418773 (D. Or. June 23, 3004) (denying further discovery because plaintiff had

22   admitted to signing arbitration agreement); *Gold v. Deutsche A.G.*, No. 97-1304, 1998 WL

23   126058, at *3 (S.D.N.Y. Mar. 19, 1998) (compelling arbitration without ordering discovery

24   because there were no factual allegations suggesting that the agreement was unenforceable),

25   *appeal dismissed*, 199 F.3d 1322 (2d Cir. 1999).   To obtain discovery for the purposes of

26   invalidating an arbitration clause, the party "must present *a factually based predicate* that

27   establishes what the party knows, what it expects to discover, and *why that information*

28

1    *matters*." *Ex parte Horton Family Hous., Inc.*, 882 So. 2d 838, 841 (Ala. 2003) (internal

2    quotation marks omitted) (emphases added). Because plaintiff has not done so, any such

3    interrogatory is wholly inappropriate.

4           4.     ATTM objects to the interrogatories to the extent that they seek information on

5    issues preempted by the FAA, as interpreted by the U.S. Supreme Court in *AT&T Mobility LLC*

6    *v. Concepcion*, 131 S. Ct. 1740 (2011), and by the Ninth Circuit in both this action and *Coneff v.*

7    *AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012).

8           5.     ATTM objects to the interrogatories to the extent that they seek information on

9    topics not relevant under the Ninth Circuit's mandate on remand in this action.

10          6.     ATTM objects to the interrogatories to the extent that they seek information that

11    is not related to the arbitrability of Steven McArdle's claims.

12          7.     ATTM objects to the interrogatories to the extent, if any, that they contain

13    undefined terms and/or phrases, rendering them vague and ambiguous. ATTM objects to each

14    interrogatory that is so vague, ambiguous, and/or overbroad that ATTM cannot determine what

15    information the interrogatory truly seeks and provide a meaningful response. As a result, such

16    interrogatories may call for information that is neither relevant to any issue in this litigation nor

17    calculated to lead to discovery of admissible evidence, and are unreasonably burdensome to

18    ATTM.

19          8.     ATTM objects to the definitions of the words "PERSON" and "CUSTOMER" as

20    including legal entities such as "associations," "partnerships," and "corporations." Those terms

21    should be limited to natural persons.

22          9.     ATTM objects to the interrogatories to the extent that they seek information,

23    including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration

24    agreements that are not materially similar to McArdle's current agreement.

25         10.    ATTM objects to each interrogatory that would require ATTM to undertake an

26    unreasonable investigation and would cause ATTM to experience significant and unreasonable

27    oppression, burden and/or expense in attempting to respond. Such interrogatories are harassing

28

-3-

and abusive.

11. ATTM objects to the interrogatories to the extent that they seek information that is of public record, well known to plaintiff, and/or readily obtainable from sources within plaintiff's own possession, custody, and control.

12. ATTM objects to the interrogatories to the extent that they assume the existence of facts in dispute that plaintiff has yet to establish.

13. ATTM objects to the interrogatories to the extent that they presume that documents currently exist, existed in the past, or are generated or maintained in a particular manner.

14. ATTM objects to the interrogatories to the extent that they are duplicative and/or unreasonably cumulative of information already provided in discovery.

15. ATTM objects to the interrogatories to the extent that they seek information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action.

16. No response to these interrogatories should be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the general or specific objections asserted herein; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) an admission that ATTM actually possesses the document, data or thing as to which information is requested or that it exists.

17. In responding, ATTM does not adopt, embrace, or accept any term used by plaintiff.

18. In responding to these interrogatories, ATTM does not waive its right to challenge relevancy or materiality of information provided or to otherwise object to use of information in subsequent proceedings or at trial in this action.

## INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY (a) the number of NOTICE OF DISPUTES, by month, that YOU have received since January 1, 2002, (b) the number of arbitrations, by

1    month, that have been initiated against YOU by any CUSTOMER since January 2, 2002, (c) the

2    number, and dates, of arbitral awards or decisions made in favor of any CUSTOMER and against

3    YOU, (d) the number, dates and total dollar amount of "alternate payments" as defined in YOUR

4    Arbitration Agreement YOU have made since January 2, 2002, (e) the number, dates and total

5    dollar amount of "attorney premiums" as defined in YOUR Arbitration Agreement YOU have

6    paid since January 2, 2002, (g) the number of times, dates and dollar amount YOU have

7    reimbursed a customer for an arbitration "filing fee" as defined in YOUR Arbitration Agreement

8    since January 2, 2002, (h) the number of times, and dates, that YOU have refused to reimburse a

9    customer for an arbitration "filing fee" since January 2, 2002, and (i) the number of times, and

10   dates, YOU have challenged an arbitration award since January 2, 2002.

11   **RESPONSE TO INTERROGATORY NO. 1:**    ATTM    incorporates    herein    by

12   reference its General Objections set forth above as if set forth fully herein.  ATTM further

13   objects to this interrogatory because it is vague, overly broad, unduly burdensome, and is not

14   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

15   the overly broad time period identified in this interrogatory.  ATTM objects to the interrogatories

16   to the extent that they seek information, including cases or actions, unrelated to consumer

17   subscribers, or to subscribers with arbitration agreements that are not materially similar to

18   McArdle's current agreement.   ATTM also objects to the interrogatory because it seeks

19   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

20   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

21   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

22   new arguments or ones not based on "generally applicable contract defenses," this interrogatory

23   seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

24   arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

25   an impermissible fishing expedition for the purposes of unearthing grounds for challenging the

26   plaintiff's arbitration agreement with ATTM.

27   ATTM will not respond to this interrogatory.

28

1      **INTERROGATORY NO. 2:**  IDENTIFY all CUSTOMERS who have sent to YOU

2   during the CLASS PERIOD anything that YOU have interpreted as, or demanded to be treated or

3   reformulated as, a NOTICE OF DISPUTE.

4      **RESPONSE TO INTERROGATORY NO. 2:**     ATTM    incorporates    herein    by

5   reference its General Objections set forth above as if set forth fully herein.  ATTM further

6   objects to this interrogatory because it is vague, overly broad, unduly burdensome, and is not

7   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

8   the overly broad time period identified in this interrogatory.  ATTM further objects to this

9   interrogatory because it seeks information the discovery of which would be unduly invasive of

10  the privacy of individuals or entities who are not parties to this action or that would violate

11  confidentiality requirements imposed by law, regulation, or agreement.  ATTM objects to the

12  interrogatories to the extent that they seek information, including cases or actions, unrelated to

13  consumer subscribers, or to subscribers with arbitration agreements that are not materially

14  similar to McArdle's current agreement.  ATTM also objects to the interrogatory because it

15  seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

16  remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

17  applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

18  new arguments or ones not based on "generally applicable contract defenses," this interrogatory

19  seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

20  arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

21  an impermissible fishing expedition for the purposes of unearthing grounds for challenging the

22  plaintiff's arbitration agreement with ATTM.

23      ATTM will not respond to this interrogatory.

24

25

26

27  Dated:  October 11, 2012                    MAYER BROWN LLP
                                                JOHN NADOLENCO
28                                              KEVIN RANLETT

-6-

1

2                                                          By: /s John Nadolenco
                                                               John Nadolenco
3                                                          Attorneys for Defendants AT&T Mobility LLC;
                                                           New Cingular Wireless PCS LLC, and New
4                                                          Cingular Wireless Services, Inc.

5
     *Of counsel*
6
     MAYER BROWN LLP
7    Evan M. Tager
     Archis A. Parasharami
8    1999 K Street, N.W.
     Washington, DC 20006
9    Tel: (202) 263-3000
     Fax: (202) 263-3300
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    -7-

# EXHIBIT B

1   MAYER BROWN LLP
    JOHN NADOLENCO (SBN 181128)
2   jnadolenco@mayerbrown.com
    JOSEPH W. GOODMAN (SBN 230161)
3   jgoodman@mayerbrown.com
    350 South Grand Avenue, 25th Floor
4   Los Angeles, CA  90071-1503
    Telephone: (213) 229-9500
5   Facsimile:  (213) 625-0248

6   MAYER BROWN LLP
    KEVIN RANLETT (pro hac vice)
7   kranlett@mayerbrown.com
    1999 K Street, N.W.
8   Washington, DC 20006
    Telephone: (202) 263-3000
9   Facsimile: (202) 263-3300

10  Attorneys for Defendant
    AT&T MOBILITY LLC

11

12                    **UNITED STATES DISTRICT COURT**

13                   **NORTHERN DISTRICT OF CALIFORNIA**

14                         **WESTERN DIVISION**

15  STEVEN MCARDLE, an individual, on behalf of     Case No. CV-09-01117 (CW)
    himself, the general public and those similarly
16  situated,                                       **DEFENDANT AT&T MOBILITY
                                                     LLC'S OBJECTIONS AND
17                      Plaintiff,                   RESPONSES TO PLAINTIFF'S
                                                     SECOND SET OF REQUESTS FOR
18           v.                                      PRODUCTION**

19  AT&T MOBILITY LLC; NEW CINGULAR
    WIRELESS PCS LLC; NEW CINGULAR          The Honorable Claudia Wilken
20  WIRELESS SERVICES, INC.; and DOES 1
    through 50,
21                      Defendants.

22           PROPOUNDING PARTY:          PLAINTIFF

23
             RESPONDING PARTY:           AT&T MOBILITY LLC; NEW
24                                       CINGULAR WIRELESS PCS LLC; and
                                         NEW CINGULAR WIRELESS
25                                       SERVICES, INC.

26           SET NO.:                    TWO

27
28   **DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS
                                   FOR PRODUCTION**

1    Defendants AT&T Mobility LLC, New Cingular Wireless PCS LLC, and New Cingular

2    Wireless Services, Inc. (collectively, "ATTM") hereby object and respond to plaintiff's Second

3    Set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

4

5    ATTM's responses to these requests are made solely for the purpose of this action.  Each

6    response is made subject to all objections as to competence, relevance, materiality, propriety,

7    admissibility, privilege, privacy, proprietary information, trade secrets and the like, and any and

8    all other objections on grounds that would require the exclusion of any response herein if such

9    were offered in Court, all of which objections and grounds are reserved and may be interposed at

10   the time of trial.

11   No incidental or implied admissions are intended in these responses.  ATTM's response

12   to any request should not be taken as an admission that ATTM accepts or admits the existence of

13   any fact(s) set forth or assumed by that request or that such response constitutes admissible

14   evidence.  ATTM's response to any request is not intended to be, and shall not be construed as, a

15   waiver by ATTM of any or all objection(s) to that request.

16   ATTM has not completed its (a) investigation of the facts relating to this case, (b)

17   discovery in this action, or (c) preparation for trial.  The following responses are based upon

18   information known at this time and are given without prejudice to ATTM's right to amend,

19   supplement or revise these responses.

**GENERAL OBJECTIONS**

20

21   ATTM responds to each and every request subject to the general objections set forth

22   herein.  The general objections are incorporated into each and every one of ATTM's responses,

23   whether or not specifically referred to therein.

24   1.    ATTM objects to each request that seeks to impose obligations beyond the

25   requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any

26   other applicable law, and ATTM assumes no obligation to supplement beyond what is required

27   by the Federal Rules of Civil Procedure and local rules of the Northern District of California.

28

1

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

2.     ATTM objects to the requests to the extent that they subvert the strong public policy favoring arbitration of the Federal Arbitration Act ("FAA") because they conduct an impermissible fishing expedition in the hopes of identifying a ground for invalidating ATTM's arbitration provision.  *See*, *e.g.*, *Creative Homes & Millwork, Inc. v. Hinkle*, 426 S.E.2d 480, 482 (N.C. Ct. App. 1993) ("A foundation of the arbitration process is that by mutual consent the parties have entered into an abbreviated adjudicative procedure, and to allow 'fishing expeditions' to search for ways to invalidate the award would tend to negate this policy.") (internal quotation marks omitted); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828 (S.D. Miss. 2001) ("[I]t does not follow from the fact that defendant takes the position that he did not agree to arbitration that discovery is needed to determine whether the ostensible arbitration agreement is enforceable.  The terms of the original agreement and amendment notification can be gleaned from the documents themselves."), *aff'd*, 34 F. App'x 964 (5th Cir. 2002); *Gates v. Veravest Invs., Inc.*, No. 04-146, 2004 WL 1173145, at *10 (D. Or. May 25, 2004), *adopted*, 2004 WL 1418773 (D. Or. June 23, 3004) (denying further discovery because plaintiff had admitted to signing arbitration agreement); *Gold v. Deutsche A.G.*, No. 97-1304, 1998 WL 126058, at *3 (S.D.N.Y. Mar. 19, 1998) (compelling arbitration without ordering discovery because there were no factual allegations suggesting that the agreement was unenforceable), *appeal dismissed*, 199 F.3d 1322 (2d Cir. 1999).  To obtain discovery for the purposes of invalidating an arbitration clause, the party "must present *a factually based predicate* that establishes what the party knows, what it expects to discover, and *why that information matters*."  *Ex parte Horton Family Hous., Inc.*, 882 So. 2d 838, 841 (Ala. 2003) (internal quotation marks omitted) (emphases added).  Because plaintiff has not done so, any such interrogatory is wholly inappropriate.

3.     ATTM objects to each request that seeks information not in ATTM's possession, custody, or control.

4.     ATTM objects to the requests to the extent, if any, that they seek the disclosure of information concerning documents, communications or other information protected from

2

disclosure by the attorney-client privilege and/or work product doctrine and/or any other similarly applicable privilege, doctrine or immunity. ATTM intends to and does claim privilege with respect to any and all such information. ATTM also objects to providing a privilege log for any such impermissible discovery. References herein to "privileged" materials shall include materials protected by any such privilege, doctrine, or immunity. ATTM will not disclose any such privileged information and does not waive or intend to waive any privilege or protection with respect to documents, communications, or other information inadvertently produced.

    5.    ATTM objects to the requests to the extent that they seek information on topics not relevant under the Ninth Circuit's mandate on remand in this action.

    6.    ATTM objects to the requests to the extent that they seek information pertaining to the merits of the underlying claims—which is forbidden by the FAA until ATTM's motion to compel arbitration is resolved.

    7.    ATTM objects to the requests to the extent that they seek information that is irrelevant to the contention that the arbitration provision is unenforceable as to plaintiff Steven McArdle.

    8.    ATTM objects to the requests to the extent that they seek information on issues preempted by the FAA, as interpreted by the U.S. Supreme Court in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), and by the Ninth Circuit in both this action and *Coneff v. AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012).

    9.    ATTM objects to the requests to the extent, if any, that they contain undefined terms and/or phrases, rendering them vague and ambiguous. ATTM objects to each request that is so vague, ambiguous, and/or overbroad that ATTM cannot determine what information the request truly seeks and provide a meaningful response. As a result, such requests may call for information that is neither relevant to any issue in this litigation nor calculated to lead to discovery of admissible evidence, and are unreasonably burdensome to ATTM.

    10.    ATTM objects to the definitions of the words "PERSON" and "CUSTOMER" as including legal entities such as "associations," "partnerships," and "corporations." Those terms

3

should be limited to natural persons.

11.     ATTM objects to the definition of "YOU" and "DEFENDANTS" as overbroad and unduly burdensome.  ATTM will not provide information on behalf of third parties.

12.     ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.

13.     ATTM objects to each request that would require ATTM to undertake an unreasonable investigation and would cause ATTM to experience significant and unreasonable oppression, burden and/or expense in attempting to respond.  Such requests are harassing and abusive.

14.     ATTM objects to each request to the extent that plaintiff has failed to specify any time period for the information sought.  All such requests that are unlimited in time are patently overbroad, and call for the production of information that is not reasonably calculated to lead to the discovery of admissible evidence.

15.     ATTM objects to the requests as vague, ambiguous and overbroad to the extent that they call for "all" or "any" information on a given subject or subjects.  All such requests are unlimited in scope, are manifestly overbroad, call for production of information that is wholly irrelevant to the subject matter of this action, are not reasonably calculated to lead to discovery of admissible evidence, are unduly burdensome, oppressive and expensive, and/or seek to impose obligations beyond those required by the applicable Federal Rules.

16.     ATTM objects to the requests to the extent that they seek information that is of public record, well known to plaintiff, and/or readily obtainable from publicly-accessible sources or sources within plaintiff's own possession, custody, and control.

17.     ATTM objects to the requests to the extent that they assume the existence of facts in dispute that plaintiff has yet to establish.

18.     ATTM objects to the requests to the extent that they presume that documents currently exist, existed in the past, or are generated or maintained in a particular manner.

4

19.     ATTM objects to the requests to the extent that they are duplicative and/or unreasonably cumulative, including of information already requested in discovery.

20.     ATTM objects to the requests to the extent that seek information that includes trade secrets or proprietary or confidential information, and ATTM will only produce such information, assuming that it is not otherwise privileged, once the parties have entered into a confidentiality agreement that is approved by the Court.

21.     ATTM objects to the requests to the extent that they seek information prohibited and/or restricted from disclosure by agreement, law or regulation.

22.     ATTM objects to the requests to the extent that they seek information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action.

23.     ATTM objects to the extent that any request calls for legal conclusions and/or expert opinions.

24.     No response to these requests should be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the general or specific objections asserted herein; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) an admission that ATTM actually possesses the document, data or thing as to which information is requested or that it exists.

25.     In responding, ATTM does not adopt, embrace, or accept any term used by plaintiff.

26.     Unless otherwise indicated, ATTM will produce documents in the manner that they are kept in the ordinary course of business.

27.     In responding to these requests, ATTM does not waive its right to challenge relevancy or materiality of information provided or to otherwise object to the use of any information produced in response to these requests in subsequent proceedings or at trial in this action.

## **REQUESTS**

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1    **REQUEST NO. 35:**   All DOCUMENTS RELATING TO any arbitration demands

2    against any DEFENDANT by any CUSTOMER represented by the law firm Bursor & Fisher,

3    P.A.

4    **RESPONSE TO REQUEST NO. 35:**   ATTM incorporates herein by reference its

5    Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

6    further objects to this request because it is vague, overly broad, unduly burdensome, and is not

7    reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

8    this request to the extent it is overly broad as to time or subject matter.  ATTM further objects to

9    this request because it seeks information equally available to plaintiff and/or publicly available,

10   as well as documents not under ATTM's custody or control.  ATTM further objects to this

11   request because it seeks information the discovery of which would be unduly invasive of the

12   privacy of individuals or entities who are not parties to this action or that would violate

13   confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to

14   this request because it seeks information that includes trade secrets or proprietary or confidential

15   information.  ATTM also objects to this request because it calls for information that is protected

16   by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to

17   providing a privilege log for this impermissible discovery.

18   ATTM points out that this request is unreasonable on its face because it seeks

19   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

20   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

21   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

22   new arguments or ones not based on "generally applicable contract defenses," this request seeks

23   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

24   arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

25   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

26   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

27   documents, beyond those that it already has produced, in response to this request.

28

6

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1    **REQUEST NO. 36:**   All DOCUMENTS RELATING TO any arbitration demand

2  against any DEFENDANT by any CUSTOMER represented by the law firm Faruqi & Faruqi,

3  LLP.

4    **RESPONSE TO REQUEST NO. 36:**   ATTM incorporates herein by reference its

5  Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

6  further objects to this request because it is vague, overly broad, unduly burdensome, and is not

7  reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

8  this request to the extent it is overly broad as to time or subject matter.  ATTM further objects to

9  this request because it seeks information equally available to plaintiff and/or publicly available,

10 as well as documents not under ATTM's custody or control.  ATTM further objects to this

11 request because it seeks information the discovery of which would be unduly invasive of the

12 privacy of individuals or entities who are not parties to this action or that would violate

13 confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to

14 this request because it seeks information that includes trade secrets or proprietary or confidential

15 information.  ATTM also objects to this request because it calls for information that is protected

16 by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to

17 providing a privilege log for this impermissible discovery.

18    ATTM points out that this request is unreasonable on its face because it seeks

19 information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

20 remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

21 applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

22 new arguments or ones not based on "generally applicable contract defenses," this request seeks

23 information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

24 arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in

25 an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

26 plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

27 documents, beyond those that it already has produced, in response to this request.

28

7

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1    **REQUEST NO. 37:**   All DOCUMENTS RELATING TO any arbitration demand

2    against any DEFENDANT any CUSTOMER represented by the law firm Thornton, Davis &

3    Fein, PA.

4    **RESPONSE TO REQUEST NO. 37:**   ATTM incorporates herein by reference its

5    Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

6    further objects to this request because it is vague, overly broad, unduly burdensome, and is not

7    reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

8    this request to the extent it is overly broad as to time or subject matter.  ATTM further objects to

9    this request because it seeks information equally available to plaintiff and/or publicly available,

10   as well as documents not under ATTM's custody or control.  ATTM further objects to this

11   request because it seeks information the discovery of which would be unduly invasive of the

12   privacy of individuals or entities who are not parties to this action or that would violate

13   confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to

14   this request because it seeks information that includes trade secrets or proprietary or confidential

15   information.  ATTM also objects to this request because it calls for information that is protected

16   by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to

17   providing a privilege log for this impermissible discovery.

18        ATTM points out that this request is unreasonable on its face because it seeks

19   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

20   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

21   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

22   new arguments or ones not based on "generally applicable contract defenses," this request seeks

23   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

24   arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in

25   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

26   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

27   documents, beyond those that it already has produced, in response to this request.

28

8

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS
FOR PRODUCTION**

1    **REQUEST NO. 38:** All DOCUMENTS RELATING TO the website

2    fightthemerger.com.

3    **RESPONSE TO REQUEST NO. 38:** ATTM incorporates herein by reference its

4    Preliminary Statement and General Objections set forth above as if set forth fully herein. ATTM

5    further objects to this request because it is vague, overly broad, overly burdensome, and is not

6    reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to

7    this request to the extent it is overly broad as to subject matter. ATTM further objects to this

8    request because it seeks information equally available to plaintiff, publicly available, and/or

9    available from third parties, as well as documents not under ATTM's custody or control. ATTM

10   also objects to this request to the extent it purports to calls for information that is protected by the

11   attorney-client privilege and/or the attorney work product doctrine. ATTM objects to providing

12   a privilege log for this impermissible discovery.

13   ATTM points out that this request is unreasonable on its face because it seeks

14   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

15   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

16   applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of

17   new arguments or ones not based on "generally applicable contract defenses," this request seeks

18   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

19   arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in

20   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

21   plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce documents

22   in response to this request.

23   **REQUEST NO. 39:** All DOCUMENTS RELATING TO any lawsuit filed by any

24   DEFENDANT against any CUSTOMER to enjoin arbitration including, without limitation,

25   *AT&T Mobility v. Gonnello, et al*, No. 11-5636 (SDNY), *AT&T Mobility LLC v. Bushman*, Case

26   No. 9:11-cv-80992-KLR (SD Fla.), *AT&T Mobility LLC v. Smith*, Case No. 11-5157 (ED Pa.),

27   and *AT&T Mobility LLC v. Bernardi, et al*., Case No. 3:11-cv-03992-CRB (ND Cal.).

28
9

**RESPONSE TO REQUEST NO. 39:**   ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to this request because it seeks documents not in ATTM's custody or control.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM also objects to this request because it calls for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing a privilege log for this impermissible discovery.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 40:**  All DOCUMENTS RELATED TO *Coneff, et al v. AT&T Corp, et al*, Case No. 2:06-cv-00944-RSM (WD Wa.) including all deposition transcripts, court filings, hearing and trial transcripts, document productions, and written discovery responses.

10

**RESPONSE TO REQUEST NO. 40:** ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein. ATTM further objects to this request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to this request to the extent it is overly broad as to time or subject matter. ATTM objects to this request because it seeks documents not in ATTM's custody or control. ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement. ATTM also objects to this request because it calls for information that is protected by the attorney-client privilege and/or the attorney work product doctrine. ATTM objects to providing a privilege log for this impermissible discovery.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM. Based on its objections as set forth herein, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 41:** All NOTICES OF DISPUTE received by DEFENDANTS between January 1, 2002 and the present.

**RESPONSE TO REQUEST NO. 41:** ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein. ATTM

11

further objects to this request because it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to this request to the extent it is overly broad as to time or subject matter. ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement. ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 42:** All complaints or demands filed in any arbitration between any CUSTOMER and any DEFENDANT between January 1, 2002 and the present.

**RESPONSE TO REQUEST NO. 42:** ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein. ATTM further objects to this request because it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to this request to the extent it is overly broad as to time or subject matter. ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to

12

1   consumer subscribers, or to subscribers with arbitration agreements that are not materially

2   similar to McArdle's current agreement.  ATTM further objects to this request because it seeks

3   information the discovery of which would be unduly invasive of the privacy of individuals or

4   entities who are not parties to this action or that would violate confidentiality requirements

5   imposed by law, regulation, or agreement.

6        ATTM points out that this request is unreasonable on its face because it seeks

7   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

8   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

9   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

10  new arguments or ones not based on "generally applicable contract defenses," this request seeks

11  information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

12  arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

13  an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

14  plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

15  documents, beyond those that it already has produced, in response to this request.

16       **REQUEST NO. 43:**   All answers or responses to demands filed in any arbitration

17  between any CUSTOMER and any DEFENDANT between January 1, 2002 and the present.

18       **RESPONSE TO REQUEST NO. 43:**   ATTM incorporates herein by reference its

19  Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

20  further objects to this request because it is vague, overly broad, unduly burdensome, and is not

21  reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

22  this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the

23  requests to the extent that they seek information, including cases or actions, unrelated to

24  consumer subscribers, or to subscribers with arbitration agreements that are not materially

25  similar to McArdle's current agreement.  ATTM further objects to this request because it seeks

26  information the discovery of which would be unduly invasive of the privacy of individuals or

27  entities who are not parties to this action or that would violate confidentiality requirements

28

13

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1    imposed by law, regulation, or agreement.

2         ATTM points out that this request is unreasonable on its face because it seeks

3    information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

4    remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

5    applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

6    new arguments or ones not based on "generally applicable contract defenses," this request seeks

7    information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

8    arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

9    an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

10   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

11   documents, beyond those that it already has produced, in response to this request.

12        **REQUEST NO. 44:**    All motions or briefs filed in any arbitration between any

13   CUSTOMER and any DEFENDANT between January 1, 2002 and the present.

14        **RESPONSE TO REQUEST NO. 44:**   ATTM incorporates herein by reference its

15   Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

16   further objects to this request because it is vague, overly broad, unduly burdensome, and is not

17   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

18   this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the

19   requests to the extent that they seek information, including cases or actions, unrelated to

20   consumer subscribers, or to subscribers with arbitration agreements that are not materially

21   similar to McArdle's current agreement.  ATTM further objects to this request because it seeks

22   information the discovery of which would be unduly invasive of the privacy of individuals or

23   entities who are not parties to this action or that would violate confidentiality requirements

24   imposed by law, regulation, or agreement.

25        ATTM points out that this request is unreasonable on its face because it seeks

26   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

27   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

28
                                              14
     **DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS
                                    FOR PRODUCTION**

applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 45:**  All arbitral decisions or awards in any arbitration between any CUSTOMER against any DEFENDANT between January 1, 2002 and the present.

**RESPONSE TO REQUEST NO. 45:**  ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1  an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

2  plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

3  documents, beyond those that it already has produced, in response to this request.

4     **REQUEST NO. 46:**   All petitions or motions to confirm, correct or vacate any

5  arbitration decision or award, regarding any arbitration between any CUSTOMER against any

6  DEFENDANT between January 1, 2002 and the present.

7     **RESPONSE TO REQUEST NO. 46:**   ATTM incorporates herein by reference its

8  Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

9  further objects to this request because it is vague, overly broad, unduly burdensome, and is not

10 reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

11 this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the

12 requests to the extent that they seek information, including cases or actions, unrelated to

13 consumer subscribers, or to subscribers with arbitration agreements that are not materially

14 similar to McArdle's current agreement.  ATTM further objects to this request because it seeks

15 information the discovery of which would be unduly invasive of the privacy of individuals or

16 entities who are not parties to this action or that would violate confidentiality requirements

17 imposed by law, regulation, or agreement.

18    ATTM points out that this request is unreasonable on its face because it seeks

19 information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

20 remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

21 applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

22 new arguments or ones not based on "generally applicable contract defenses," this request seeks

23 information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

24 arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

25 an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

26 plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

27 documents, beyond those that it already has produced, in response to this request.

28

16

1    **REQUEST NO. 47:**  DOCUMENTS sufficient to show all payments of attorneys' fees,

2    attorneys' expenses or "attorney premiums" (as defined in YOUR Arbitration Agreement) by

3    any DEFENDANT to any CUSTOMER or CUSTOMER's attorney, in connection with any

4    arbitration between any CUSTOMER against any DEFENDANT between January 1, 2002 and

5    the present.

6    **RESPONSE TO REQUEST NO. 47:**  ATTM incorporates herein by reference its

7    Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

8    further objects to this request because it is vague, overly broad, unduly burdensome, and is not

9    reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

10   this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the

11   requests to the extent that they seek information, including cases or actions, unrelated to

12   consumer subscribers, or to subscribers with arbitration agreements that are not materially

13   similar to McArdle's current agreement.  ATTM further objects to this request because it seeks

14   information the discovery of which would be unduly invasive of the privacy of individuals or

15   entities who are not parties to this action or that would violate confidentiality requirements

16   imposed by law, regulation, or agreement.

17   ATTM points out that this request is unreasonable on its face because it seeks

18   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

19   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

20   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

21   new arguments or ones not based on "generally applicable contract defenses," this request seeks

22   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

23   arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

24   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

25   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

26   documents, beyond those that it already has produced, in response to this request.

27   **REQUEST NO. 48:**  DOCUMENTS sufficient to show all payments of "alternate

28

17

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

payments" (as defined in YOUR Arbitration Agreement) by any DEFENDANT to any CUSTOMER or CUSTOMER's attorney, in connection with any arbitration between any CUSTOMER against any DEFENDANT between January 1, 2002 and the present.

**RESPONSE TO REQUEST NO. 48:**   ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 49:**   DOCUMENTS sufficient to show all payments of any "filing fee" (as defined in YOUR Arbitration Agreement) by any DEFENDANT to any CUSTOMER or CUSTOMER's attorney (or to the American Arbitration Association after request by the

18

1    CUSTOMER), in connection with any arbitration between any CUSTOMER against any

2    DEFENDANT between January 1, 2002 and the present.

3    **RESPONSE TO REQUEST NO. 49:**   ATTM incorporates herein by reference its

4    Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

5    further objects to this request because it is vague, overly broad, unduly burdensome, and is not

6    reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

7    this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the

8    requests to the extent that they seek information, including cases or actions, unrelated to

9    consumer subscribers, or to subscribers with arbitration agreements that are not materially

10   similar to McArdle's current agreement.

11   ATTM points out that this request is unreasonable on its face because it seeks

12   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

13   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

14   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

15   new arguments or ones not based on "generally applicable contract defenses," this request seeks

16   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

17   arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

18   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

19   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

20   documents, beyond those that it already has produced, in response to this request.

21   **REQUEST NO. 50:**  All DOCUMENTS RELATED TO any arbitration between any

22   CUSTOMER and any DEFENDANT between January 1, 2002 and the present, in connection

23   with which DEFENDANT paid CUSTOMER or CUSTOMER's attorney any of the following:

24   attorneys' fees, "attorney premiums," "alternate payments," or "filing fees" (as defined in YOUR

25   Arbitration Agreement).

26   **RESPONSE TO REQUEST NO. 50:**   ATTM incorporates herein by reference its

27   Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

28

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS
FOR PRODUCTION**

further objects to this request because it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to this request because it seeks information that includes trade secrets or proprietary or confidential information.  ATTM also objects to this request because it calls for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing a privilege log for this impermissible discovery.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 51:**  All DOCUMENTS RELATED TO any arbitration between any CUSTOMER and any DEFENDANT between January 1, 2002 and the present, in connection with which DEFENDANT paid the filing fee to the American Arbitration Association after request by the Customer.

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1    **RESPONSE TO REQUEST NO. 51:** ATTM incorporates herein by reference its

2    Preliminary Statement and General Objections set forth above as if set forth fully herein. ATTM

3    further objects to this request because it is vague, overly broad, unduly burdensome, and is not

4    reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to

5    this request to the extent it is overly broad as to time or subject matter. ATTM objects to the

6    requests to the extent that they seek information, including cases or actions, unrelated to

7    consumer subscribers, or to subscribers with arbitration agreements that are not materially

8    similar to McArdle's current agreement. ATTM further objects to this request because it seeks

9    information the discovery of which would be unduly invasive of the privacy of individuals or

10   entities who are not parties to this action or that would violate confidentiality requirements

11   imposed by law, regulation, or agreement. ATTM also objects to this request because it seeks

12   information that includes trade secrets or proprietary or confidential information. ATTM also

13   objects to this request because it calls for information that is protected by the attorney-client

14   privilege and/or the attorney work product doctrine. ATTM objects to providing a privilege log

15   for this impermissible discovery.

16   ATTM points out that this request is unreasonable on its face because it seeks

17   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

18   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

19   applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of

20   new arguments or ones not based on "generally applicable contract defenses," this request seeks

21   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

22   arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in

23   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

24   plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce additional

25   documents, beyond those that it already has produced, in response to this request.

26   **REQUEST NO. 52:** All DOCUMENTS RELATED TO any arbitration between any

27   CUSTOMER and any DEFENDANT between January 1, 2002 and the present.

28

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1       **RESPONSE TO REQUEST NO. 52:**   ATTM incorporates herein by reference its
2   Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM
3   further objects to this request because it is vague, overly broad, unduly burdensome, and is not
4   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to
5   this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the
6   requests to the extent that they seek information, including cases or actions, unrelated to
7   consumer subscribers, or to subscribers with arbitration agreements that are not materially
8   similar to McArdle's current agreement.  ATTM further objects to this request because it seeks
9   information the discovery of which would be unduly invasive of the privacy of individuals or
10  entities who are not parties to this action or that would violate confidentiality requirements
11  imposed by law, regulation, or agreement.  ATTM also objects to this request because it seeks
12  information that includes trade secrets or proprietary or confidential information.  ATTM also
13  objects to this request because it calls for information that is protected by the attorney-client
14  privilege and/or the attorney work product doctrine.  ATTM objects to providing a privilege log
15  for this impermissible discovery.

16      ATTM points out that this request is unreasonable on its face because it seeks
17  information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on
18  remand:  for consideration of plaintiff Steven McArdle's arguments based on "generally
19  applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of
20  new arguments or ones not based on "generally applicable contract defenses," this request seeks
21  information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's
22  arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in
23  an impermissible fishing expedition for the purpose of unearthing grounds for challenging the
24  plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional
25  documents, beyond those that it already has produced, in response to this request.

26      **REQUEST NO. 53:**  All DOCUMENTS RELATED TO Kenneth Thelian.

27      **RESPONSE TO REQUEST NO. 53:**   ATTM incorporates herein by reference its

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information pertaining to the merits of the underlying claims—which is forbidden by the FAA until ATTM's motion to compel arbitration is resolved. ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of an individual who is not a party to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to this request because it calls for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing a privilege log for this impermissible discovery.

Responding further, ATTM points out that Kenneth Thelian has his own pending lawsuit against the company.  If the Court permits Mr. Thelian to take discovery regarding the arbitrability of *his* disputes, ATTM will timely respond to such requests in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.  Any attempt by plaintiff McArdle to take discovery regarding Mr. Thelian and his arbitration agreement is simply an impermissible fishing expedition that has no bearing on the arbitrability of plaintiff McArdle's claims and/or relates purely to topics preempted by the FAA or made irrelevant by the Ninth Circuit's mandate.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 54:**   All DOCUMENTS RELATED TO any arbitration related communications between any DEFENDANT and Kenneth Thelian, INCLUDING notices regarding:  changes to DEFENDANTS' arbitration agreements, the right to opt out of arbitration, and/or DEFENDANTS' arbitration process or procedure.

**RESPONSE TO REQUEST NO. 54:**   ATTM incorporates herein by reference its Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

23

1   further objects to this request because it is vague, overly broad, unduly burdensome, and is not
2   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects
3   that the term "arbitration related communications" is vague and ambiguous.  ATTM further
4   objects to this request to the extent it is overly broad as to time or subject matter.  ATTM further
5   objects to this request because it seeks information the discovery of which would be unduly
6   invasive of the privacy of an individual who is not a party to this action or that would violate
7   confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to
8   this request because it calls for information that is protected by the attorney-client privilege
9   and/or the attorney work product doctrine.  ATTM objects to providing a privilege log for this
10   impermissible discovery.

11         Responding further, ATTM points out that Kenneth Thelian has his own pending lawsuit
12   against the company.   If the Court permits Mr. Thelian to take discovery regarding the
13   arbitrability of *his* disputes, ATTM will timely respond to such requests in accordance with the
14   Federal Rules of Civil Procedure and this Court's Local Rules.   Any attempt by plaintiff
15   McArdle to take discovery regarding Mr. Thelian and his arbitration agreement is simply an
16   impermissible fishing expedition that has no bearing on the arbitrability of plaintiff McArdle's
17   claims and/or relates purely to topics preempted by the FAA or made irrelevant by the Ninth
18   Circuit's mandate.  Accordingly, ATTM will not produce additional documents, beyond those
19   that it already has produced, in response to this request.

20         **REQUEST NO. 55:**   All DOCUMENTS RELATED TO any arbitration related
21   communications between any DEFENDANT and PLAINTIFF, including notices regarding:
22   changes to DEFENDANTS' arbitration agreements, the right to opt out of arbitration and/or
23   DEFENDANTS' arbitration process or procedure.

24         **RESPONSE TO REQUEST NO. 55:**   ATTM incorporates herein by reference its
25   Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM
26   further objects to this request because it is vague, overly broad, unduly burdensome, and is not
27   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects

28

24

that the term "arbitration related communications" is vague and ambiguous.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM also objects to this request because it calls for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing a privilege log for this impermissible discovery.  ATTM further objects to this request because it seeks information that is irrelevant to and outside the scope of the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA, in light of McArdle's previous concession that he entered into an arbitration agreement with ATTM.  Subject to and without waiving its objections, ATTM states that it already has produced extensive documentation responsive to this request, and that no additional documents will be produced at this time in response to this request.

**REQUEST NO. 56:**  All DOCUMENTS RELATING TO the process for opting-out of any DEFENDANTS Wireless Customer Agreement(s) and/or Arbitration Agreement(s).

**RESPONSE TO REQUEST NO. 56:**  ATTM incorporates herein by reference its General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or

25

1  agreement. ATTM also objects to this request because it calls for information that is protected

2  by the attorney-client privilege and/or the attorney work product doctrine. ATTM objects to

3  providing a privilege log for this impermissible discovery.

4      ATTM points out that this request is unreasonable on its face because it seeks

5  information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

6  remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

7  applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of

8  new arguments or ones not based on "generally applicable contract defenses," this request seeks

9  information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

10  arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in

11  an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

12  plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce additional

13  documents, beyond those that it already has produced, in response to this request.

14      **REQUEST NO. 57:** An exemplar of each version of any notice provided to any

15  CUSTOMER of the terms of any Arbitration Agreement or of changes thereto and/or of the right

16  to rescind or opt out of any Arbitration Agreement.

17      **RESPONSE TO REQUEST NO. 57:** ATTM incorporates herein by reference its

18  General Objections set forth above as if set forth fully herein. ATTM further objects to this

19  request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to

20  lead to the discovery of admissible evidence. ATTM further objects to this request to the extent

21  it is overly broad as to time or subject matter. ATTM objects to the requests to the extent that

22  they seek information, including cases or actions, unrelated to consumer subscribers, or to

23  subscribers with arbitration agreements that are not materially similar to McArdle's current

24  agreement.

25      ATTM points out that this request is unreasonable on its face because it seeks

26  information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

27  remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

28

applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 58:**  DOCUMENTS sufficient to IDENTIFY each CUSTOMER who received each version of any notice produced in response to Request number 53.

**RESPONSE TO REQUEST NO. 58:**  ATTM incorporates herein by reference its General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague and confusing inasmuch as Request number 53 does not seek the production of any "notice[s]."  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.   In addition, ATTM objects that responding to this request would pose an unreasonable burden on ATTM to review all of its files and records to identify customers who received unspecified notices; an undertaking that would be very time-consuming and which would not yield any discoverable information pertaining to the arbitrability of plaintiff's claims.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

27

new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 59:** DOCUMENTS sufficient to IDENTIFY the number of CUSTOMERS who received each version of any notice produced in response to Request number 53.

**RESPONSE TO REQUEST NO. 59:** ATTM incorporates herein by reference its General Objections set forth above as if set forth fully herein. ATTM further objects to this request because it is vague and confusing inasmuch as Request number 53 does not seek the production of any "notice[s]." ATTM further objects to this request to the extent it is overly broad as to time or subject matter. ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement. In addition, ATTM objects that responding to this request would pose an unreasonable burden on ATTM to review all of its files and records to identify customers who received unspecified notices; an undertaking that would be very time-consuming and which would not yield any discoverable information pertaining to the arbitrability of plaintiff's claims.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in

28

an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 60:** DOCUMENTS sufficient to IDENTIFY each CUSTOMER who opted out of any DEFENDANT'S Arbitration Agreement(s) as well as the dates on which and methods by which such actions were taken.

**RESPONSE TO REQUEST NO. 60:** ATTM incorporates herein by reference its General Objections set forth above as if set forth fully herein. ATTM further objects to this request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to this request to the extent it is overly broad as to time or subject matter. ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement. ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement. In addition, ATTM objects that responding to this request would pose an unreasonable burden on ATTM to review all of its files and records to identify customers who opted out of ATTM's arbitration agreement; an undertaking that would be very time-consuming and which would not yield any discoverable information pertaining to the arbitrability of plaintiff's claims.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

29

arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM. Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 61:** DOCUMENTS sufficient to IDENTIFY the number of CUSTOMERS who opted out of any DEFENDANT'S Arbitration Agreement(s) as well as the dates on which and methods by which such actions were taken.

**RESPONSE TO REQUEST NO. 61:** ATTM incorporates herein by reference its General Objections set forth above as if set forth fully herein. ATTM further objects to this request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. ATTM further objects to this request to the extent it is overly broad as to time or subject matter. ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement. In addition, ATTM objects that responding to this request would pose an unreasonable burden on ATTM to review all of its files and records to identify customers who opted out of ATTM's arbitration agreement; an undertaking that would be very time-consuming and which would not yield any discoverable information pertaining to the arbitrability of plaintiff's claims.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses." Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA. This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

30

plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**REQUEST NO. 62:**  All DOCUMENTS RELATING TO written offers to settle a NOTICE OF DISPUTE since January 2, 2002.

**RESPONSE TO REQUEST NO. 62:**  ATTM incorporates herein by reference its General Objections set forth above as if set forth fully herein.  ATTM further objects to this request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to this request to the extent it is overly broad as to time or subject matter.  ATTM objects to the requests to the extent that they seek information, including cases or actions, unrelated to consumer subscribers, or to subscribers with arbitration agreements that are not materially similar to McArdle's current agreement.  ATTM further objects to this request because it seeks information the discovery of which would be unduly invasive of the privacy of individuals or entities who are not parties to this action or that would violate confidentiality requirements imposed by law, regulation, or agreement.  ATTM also objects to this request because it calls for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing a privilege log for this impermissible discovery.

ATTM points out that this request is unreasonable on its face because it seeks information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on remand: for consideration of plaintiff Steven McArdle's arguments based on "generally applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of new arguments or ones not based on "generally applicable contract defenses," this request seeks information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in an impermissible fishing expedition for the purpose of unearthing grounds for challenging the plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional documents, beyond those that it already has produced, in response to this request.

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1    **REQUEST NO. 63:**  All DOCUMENTS RELATING TO any moratorium imposed by

2    the American Arbitration Association on consumer arbitrations.

3    **RESPONSE TO REQUEST NO. 63:**  ATTM incorporates herein by reference its

4    General Objections set forth above as if set forth fully herein.  ATTM further objects to this

5    request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to

6    lead to the discovery of admissible evidence.  ATTM further objects to the term "moratorium"

7    and the phrase "consumer arbitrations" as vague, ambiguous, unintelligible, overly broad and

8    unduly burdensome.  ATTM further objects to this request to the extent it is overly broad as to

9    time or subject matter.  ATTM further objects to this request because it seeks information

10   equally available to plaintiff and/or publicly available.  ATTM objects to this request because it

11   seeks documents not in ATTM's custody or control.  ATTM also objects to this request because

12   it calls for information that is protected by the attorney-client privilege and/or the attorney work

13   product doctrine.  ATTM objects to providing a privilege log for this impermissible discovery.

14   .ATTM  points  out  that  this  request  is  unreasonable  on  its  face  because  it  seeks

15   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

16   remand:  for  consideration  of  plaintiff  Steven  McArdle's  arguments  based  on  "generally

17   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

18   new arguments or ones not based on "generally applicable contract defenses," this request seeks

19   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

20   arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

21   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

22   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

23   documents, beyond those that it already has produced, in response to this request.

24   **REQUEST NO. 64:**  All DOCUMENTS RELATING TO any alleged weaknesses in the

25   American Arbitration Association process for consumer arbitrations.

26   **RESPONSE TO REQUEST NO. 64:**  ATTM incorporates herein by reference its

27   General Objections set forth above as if set forth fully herein.  ATTM further objects to this

28   

32

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1  request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to

2  lead to the discovery of admissible evidence.  ATTM further objects to the phrase "alleged

3  weaknesses in the American Arbitration Association process for consumer arbitrations" as

4  vague, ambiguous, unintelligible, overly broad and unduly burdensome, inasmuch as ATTM

5  cannot reasonably discern the allegations to which plaintiff is referring.  ATTM further objects to

6  this request to the extent it is overly broad as to time or subject matter.  ATTM further objects to

7  this request because it seeks information equally available to plaintiff and/or publicly available.

8  ATTM objects to this request because it seeks documents not in ATTM's custody or control.

9  ATTM also objects to this request because it calls for information that is protected by the

10  attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing

11  a privilege log for this impermissible discovery.

12      .ATTM points out that this request is unreasonable on its face because it seeks

13  information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

14  remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

15  applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

16  new arguments or ones not based on "generally applicable contract defenses," this request seeks

17  information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

18  arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

19  an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

20  plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

21  documents, beyond those that it already has produced, in response to this request.

22      **REQUEST NO. 65:**  All DOCUMENTS RELATING TO the alleged fairness or

23  unfairness of the arbitral process of the American Arbitration Association.

24      **RESPONSE TO REQUEST NO. 65:**  ATTM incorporates herein by reference its

25  General Objections set forth above as if set forth fully herein.  ATTM further objects to this

26  request because it is vague, overly broad, overly burdensome, and is not reasonably calculated to

27  lead to the discovery of admissible evidence.  ATTM further objects to the phrase "alleged

28

33

1    fairness or unfairness of the arbitral process of the American Arbitration Association" as vague,

2    ambiguous, unintelligible, overly broad and unduly burdensome, inasmuch as ATTM cannot

3    reasonably discern the allegations to which plaintiff is referring.  ATTM further objects to this

4    request to the extent it is overly broad as to time or subject matter.  ATTM further objects to this

5    request because it seeks information equally available to plaintiff and/or publicly available.

6    ATTM objects to this request because it seeks documents not in ATTM's custody or control.

7    ATTM also objects to this request because it calls for information that is protected by the

8    attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing

9    a privilege log for this impermissible discovery.

10       .ATTM points out that this request is unreasonable on its face because it seeks

11   information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

12   remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

13   applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

14   new arguments or ones not based on "generally applicable contract defenses," this request seeks

15   information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

16   arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

17   an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

18   plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

19   documents, beyond those that it already has produced, in response to this request.

20       **REQUEST NO. 66:**  All DOCUMENTS RELATING TO *In re National Arbitration*

21   *Forum Trade Practices Litigation*, MDL No. 10-2122 (D. Minn.) or to any of the lawsuits that

22   were part of that multi-district litigation.

23       **RESPONSE TO REQUEST NO. 66:**   ATTM incorporates herein by reference its

24   Preliminary Statement and General Objections set forth above as if set forth fully herein.  ATTM

25   further objects to this request because it is vague, overly broad, overly burdensome, and is not

26   reasonably calculated to lead to the discovery of admissible evidence.  ATTM further objects to

27   this request to the extent it is overly broad as to time or subject matter.  ATTM further objects to

28

**DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1   this request because it seeks information equally available to plaintiff and/or publicly available.

2   ATTM objects to this request because it seeks documents not in ATTM's custody or control.

3   ATTM further objects to this request because it seeks information the discovery of which would

4   be unduly invasive of the privacy of individuals or entities who are not parties to this action or

5   that would violate confidentiality requirements imposed by law, regulation, or agreement.

6   ATTM also objects to this request because it calls for information that is protected by the

7   attorney-client privilege and/or the attorney work product doctrine.  ATTM objects to providing

8   a privilege log for this impermissible discovery.

9          ATTM points out that this request is unreasonable on its face because it seeks

10  information that is beyond the scope of or irrelevant to the Ninth Circuit's instructions on

11  remand: for consideration of plaintiff Steven McArdle's arguments based on "generally

12  applicable contract defenses."  Even if the Ninth Circuit's mandate permitted consideration of

13  new arguments or ones not based on "generally applicable contract defenses," this request seeks

14  information that is beyond the scope of or irrelevant to whether plaintiff Steven McArdle's

15  arbitration agreement is enforceable under the FAA.  This request clearly is seeking to engage in

16  an impermissible fishing expedition for the purpose of unearthing grounds for challenging the

17  plaintiff's arbitration agreement with ATTM.  Accordingly, ATTM will not produce additional

18  documents, beyond those that it already has produced, in response to this request.

19  Dated:  October 11, 2012                    MAYER BROWN LLP
                                                JOHN NADOLENCO
20                                              JOSEPH W. GOODMAN

21

22                                              By: _____
                                                    John Nadolenco
23                                                  jnadolenco@mayerbrown.com

24                                              Attorneys for Defendants
                                                AT&T MOBILITY LLC; NEW CINGULAR
25                                              WIRELESS PCS LLC; and NEW CINGULAR
                                                WIRELESS SERVICES, INC.

26

27

28                                 35
    **DEFENDANT AT&T MOBILITY LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS**
                                     **FOR PRODUCTION**