UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; NEW CINGULAR WIRELESS SERVICES, INC., and Does 1-50<br><br>    Defendants._____/ | No. C 09-1117 CW (MEJ)<br><br>**ORDER RE: DISCOVERY DISPUTE (DKT. NO. 218)** |

## INTRODUCTION

Before the Court is the joint discovery dispute letter ("Joint Letter") filed by Plaintiff, Steven McArdle ("Plaintiff") and Defendants, AT&T Mobility LLC, New Cingular Wireless PCS LLC, and New Cingular Wireless Services, Inc. (collectively, "Defendants") on February 25, 2013. Dkt. No. 218. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## BACKGROUND

On September 14, 2009, the Honorable Claudia Wilken, the presiding judge in this matter, denied Defendants' motion to compel arbitration of Plaintiff's claims. Dkt. No. 74. Plaintiff subsequently filed a Second Amended Complaint, and Defendants appealed Judge Wilken's Order. Dkt. No. 78. On August 31, 2012, in light of the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, -- U.S. --, 131 S.Ct. 1740 (2011), the Ninth Circuit issued a memorandum decision, remanding for this Court to consider "McArdle's arguments based on generally applicable contract defenses." Dk. No. 204 at 2.

1  Thereafter, Judge Wilken granted Plaintiff leave "to conduct limited discovery regarding
2  matters relevant to generally applicable contract defenses" in anticipation of a renewed arbitration
3  motion by Defendants. Order, Dkt. No. 211, at 2. Plaintiff served Defendants with 34 requests for
4  production of documents ("RFP") and two interrogatories, containing eight subparts, seeking broad
5  discovery into Defendants' arbitration program from 2002 to the present. Defendants objected to the
6  discovery on the grounds that it exceeded the limited scope contemplated by Judge Wilken's order.
7  Jt. Ltr., Dkt. 218, at 3.

8  Pursuant to the Court's Discovery Order, the parties submitted their dispute to Magistrate
9  Judge James. Order, Dkt. No. 212. On December 21, 2012, in accordance with *Meyer v. T-Mobile*
10 *USA Inc.*, 836 F.Supp.2d 994 1006-07 (N.D.Cal. 2011), this Court ruled that Defendants "need not
11 respond to Plaintiff's requests that relate to other agreements, disputes, arbitrations, and lawsuits
12 relating to other customers." Order, Dkt. No 215 at 1. The Court instructed the parties to meet and
13 confer about the scope of discovery in light of its ruling and the prior order permitting only "limited
14 discovery." Jt. Ltr., Dkt. 218 at 1.

15 In response, Plaintiff limited the requests to seek information only from the wireless
16 provider, AT&T Mobility, LLC ("ATTM"). Plaintiff also "narrowed" his discovery requests to
17 demand every arbitration and pre-arbitration notice of dispute involving an ATTM customer since
18 2002, along with all filings by ATTM in any such arbitration and any petition by ATTM to confirm
19 or vacate an arbitral award. Jt. Ltr., Dkt. 218 at 2; RFP Nos. 42-44, 46; Interrog. 1. Plaintiff
20 additionally demanded a broad class of documents relating to "any weakness" or the "fairness" or
21 "unfairness" of the "arbitral process" of the American Arbitration Association ("AAA") and the
22 AAA's unrelated moratorium on debt-collection arbitrations by businesses against consumers. *Id.*;
23 RFP Nos. 63-65.

24 Plaintiff now seeks an order compelling Defendants to provide the above discovery on the
25 issue of whether the arbitration clause in *Plaintiff's* wireless service contract is unconscionable
26 under California law. Plaintiff asserts that this information is relevant to his claim that *his own*
27 arbitration agreement is "substantively unconscionable and illusory." Jt. Ltr., Dkt. No. 218, at 1.
28

Plaintiff asserts that these requests comply with the December 20, 2012 Discovery Order because the requests do not seek documents about individual customers' arbitration proceedings. *Id*. at 1, fn. 1.

## DISCUSSION

The Federal Arbitration Act ("FAA") calls for "an expeditious summary hearing on [motions to compel arbitration], with only restricted inquiry into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 22-23 (1983). However, limited pre-arbitration discovery may be permitted into "issues relating to the making and performance of the agreement to arbitrate" where "'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4). Accordingly, "District courts in the Ninth Circuit and the Ninth Circuit itself have allowed a party opposing a motion to compel arbitration to conduct discovery relevant to the issue of unconscionability. *Meyer*, 836 F.Supp.2d at 1006-07.

Discovery that does not relate to the validity of the plaintiff's own arbitration agreement is irrelevant to the unconscionability inquiry, because it does not assist the court in determining whether the agreement at issue is unconscionable. *Hodson v. DirectTV, LLC*, 2012 WL 5464615, at *8 (N.D. Cal. 2012) (denying arbitration-related discovery focusing on other customers because the only relevant document is the actual arbitration agreement alleged to be unconscionable); *Meyer*, 836 F.Supp.2d at 1007 (disallowing discovery where the requests focused not on the plaintiff's arbitration agreement, but instead focused on all agreements, disputes, arbitrations and lawsuits relating to T–Mobile customers).

Here, Plaintiff seeks pre-arbitration discovery requesting "every arbitration and pre-arbitration notice of dispute involving an ATTM customer since 2002, along with filings by ATTM in any such arbitration and any petition by ATTM to confirm or vacate an arbitral award." RFP Nos. 42-44, 46, and Interrog. No. 1. These requests are not proper because they pertain to agreements, disputes, arbitrations and lawsuits relating to ATTM customers other than Plaintiff. *Meyer*, 836 F.Supp.2d at 1007. This Court has already disallowed discovery requests focused on

other ATTM customers. Order, Dkt. 215. Even if Plaintiff did not disregard the Court's December 20, 2012 Order limiting discovery to Plaintiff's *own agreement*, these discovery requests would not provide any new information necessary for the Court to determine the issue of unconscionability because the only relevant document is the actual arbitration agreement alleged to be unconscionable. *Hodson* 2012 WL 5464615, at *8.

Plaintiff is also not entitled to the discovery requested in RFP Nos. 63-65, which seeks documents relating to "weakness" or the "fairness" or "unfairness" of the "arbitral process" of the AAA and the AAA's moratorium on debt-collection arbitrations by businesses against consumers and to and "weakness" or the "fairness" or "unfairness" of the AAA's arbitration process. RFP 64-65. These requests are impermissibly vague to the extent they require ATTM to interpret the meaning of the words "weakness" or "fairness" or "unfairness" as they relate to any of AAA's procedures or administration in the past decade. Moreover, the requests are based solely on suspicion of bias in the arbitration process. In order to gain such discovery, the party opposing arbitration must "show[]" that the "arbitration rules" themselves are "inadequate to guard against potential bias." *Gilmer v. Interstate/Johnson Lane Corp.* 500 U.S. 20, 30 (1991). This Plaintiff has not done.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to compel responses to RFP Nos. 42-44, 46, 63-65, and Interrogatory No. 1.

**IT IS SO ORDERED.**

Dated: March 21, 2013

_____
Maria-Elena James
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

4