IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCARDLE,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; and NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>    Defendants. | Case No. 09-cv-01117-CW<br><br>ORDER GRANTING MOTION TO RECONSIDER AND VACATING ARBITRAL AWARD<br><br>(Dkt. Nos. 257, 263, 273, 274, 285) |

The Court granted the motion of Defendants AT&T Mobility LLC, New Cingular Wireless PCS LLC, and New Cingular Wireless Services, Inc., to compel arbitration in this case. The arbitrator has issued a decision. Plaintiff Steven McArdle has moved to vacate the arbitral award and to reconsider the Court's order compelling arbitration. Defendants have filed a cross-motion to confirm the award. Each motion is opposed and each party has filed a reply. Having considered the parties' papers, the record, and relevant authority, the Court grants Plaintiff's motion to reconsider, rescinds the September 25, 2013 order compelling arbitration and vacates the arbitral award. The Court also denies as moot Plaintiff's motion to vacate the award under 9 U.S.C. § 10(a)(3) or (4), and denies Defendants' motion to confirm.

BACKGROUND

Defendants provide cellular telephone services. Plaintiff alleges that Defendants deceptively charged exorbitant international roaming fees for calls that customers did not answer, voicemail they did not check, and calls they did not place. He asserts claims under California law, on behalf of himself and all others similarly situated, for false advertising, fraud, and violation of the Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL).

Plaintiff's service agreement with Defendants contains a provision that requires the parties to the agreement to arbitrate "all disputes and claims" between them. Debra Figueroa Decl. in Support of Renewed Motion to Compel Arbitration and Stay Action, Ex. 2, § 2.2(1). More specifically, section 2.0 of the service agreement, captioned "How Do I Resolve Disputes With AT&T," relates to dispute resolution. Id. § 2.0. Section 2.0 is divided into two sections, of which section 2.1 is a summary and section 2.2 is captioned "Arbitration Agreement." Id. § 2.2. Section 2.2, in turn, contains seven numbered subsections, the sixth of which provides:

> The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim. <u>YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.</u> Further, unless both you and AT&T agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.

2

1  Id. § 2.2(6) (emphasis in original); see also July 1, 2013 Ltr.
2  from Defense Counsel, Dkt. No. 245 (conceding that "'this
3  specific provision' refers to all of Section 2.2(6), that is, all
4  three preceding sentences").

5  On September 14, 2009, this Court denied Defendants' motion
6  to compel arbitration, finding that the class arbitration waiver
7  was unconscionable under Discover Bank v. Superior Court, 36 Cal.
8  4th 148 (2005), and Shroyer v. New Cingular Wireless Services,
9  Inc., 498 F.3d 976 (9th Cir. 2007). Because the class
10 arbitration provision was expressly not severable from the other
11 portions of the arbitration provision, the Court found that the
12 arbitration provision as a whole was not enforceable.

13 Defendants filed an interlocutory appeal. Meanwhile, this
14 Court granted a stay pending the decision of the United States
15 Supreme Court in AT&T Mobility LLC v. Concepcion, 563 U.S. 333
16 (2011). Following the Concepcion decision, in which the Supreme
17 Court held that California's Discover Bank rule was preempted by
18 the Federal Arbitration Act (FAA), the Ninth Circuit reversed and
19 remanded. See McArdle v. AT&T Mobility, 474 F. App'x 515, 516
20 (9th Cir. 2012). The purpose of the remand was for this Court "to
21 consider in the first instance McArdle's arguments based on
22 generally applicable contract defenses." Id.

23 On remand, Defendants filed a renewed motion to compel
24 arbitration and stay the action. The Court granted the motion on
25 September 25, 2013. The Court considered and rejected
26 Plaintiff's arguments that arbitration was foreclosed by
27 California's Broughton-Cruz rule, which prohibits arbitration of
28 public injunctive relief claims under the CLRA and UCL, because

3

such claims are "designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff." Cruz v. PacifiCare Health Systems, Inc., 30 Cal. 4th 303, 316 (2003); see also Broughton v. Cigna Healthplans of California, 21 Cal. 4th 1066 (1999). The Court found that the Broughton-Cruz rule is not a generally applicable contract defense and thus does not survive Concepcion. The Court further found that the arbitration agreement was not unenforceable under then-applicable law for purporting to bar customers from seeking public injunctive relief in any forum.

While the arbitration was pending, the California Supreme Court granted a petition for review to assess the enforceability of public injunctive relief waivers under California law. McGill v. Citibank, 345 P.3d 61 (Cal. Apr. 1, 2015) (Mem.). Plaintiff requested that the arbitrator stay the arbitration pending McGill. The arbitrator denied the request on June 8, 2015. Kristen Simplicio Decl. in Support of Motion to Vacate Arbitral Award ¶ 3 & Ex. B.

On September 16, 2016, the arbitrator issued his ruling in favor of Defendants. Id. ¶ 2 & Ex. A. Addressing Plaintiff's individual claims, he found that Plaintiff did not meet his burden to prove that Defendants failed to disclose international roaming charges before Plaintiff incurred those charges on a trip to Italy in 2008. In light of this finding, the arbitrator decided that it was not necessary to address the additional issues raised by the parties, including Plaintiff's claim for injunctive relief.

On December 16, 2016, Plaintiff timely filed his motion to

vacate the arbitral award. The Court granted two stipulated motions to extend the time for Defendants to respond to the motion, due to the scheduling needs of counsel and the Supreme Court's impending decision in McGill.

On April 6, 2017, the California Supreme Court decided McGill v. Citibank, N.A., 2 Cal. 5th 945 (2017). After the decision in McGill, this Court granted leave for Plaintiff to file a motion for reconsideration of the order compelling arbitration. Plaintiff filed the motion for reconsideration and Defendants filed a cross-motion to confirm the arbitral award.

## DISCUSSION

I. Plaintiff's Motion for Reconsideration of the Order Compelling Arbitration.

  A. McGill Is a Change in Controlling Law that Warrants Reconsideration.

Plaintiff moves for reconsideration of the Court's order compelling arbitration. A party who shows "reasonable diligence in bringing the motion" may seek reconsideration of an interlocutory order based on "a change of law occurring after the time of such order." N.D. Cal. Civil L.R. 7-9(b). Defendants do not dispute Plaintiff's diligence in bringing the motion promptly after McGill was decided.

McGill constitutes a change in controlling law for the purpose of reconsideration. In the Court's September 25, 2013 order, the Court found that the Broughton-Cruz doctrine applies only to arbitration agreements, and thus could not be a generally applicable contract defense as contemplated by the FAA. In McGill, however, the California Supreme Court ruled that predispute contracts purporting to waive the right to seek the

5

California statutory remedy of public injunctive relief in any forum are contrary to California public policy and thus unenforceable under California law, regardless of whether they are contained in an arbitration agreement. 2 Cal. 5th at 951-52; see also id. at 961 (quoting Cal. Civil. Code § 3513 ("Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement."). The court further held that the FAA does not preempt this rule of California law or require enforcement of the waiver provision. Id. at 951-52, 962-966.

McGill's holding that predispute waivers of public injunctive relief are contrary to California public policy is binding on this Court. See Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1203 (9th Cir. 2002) ("In interpreting state law, federal courts are bound by the pronouncements of the state's highest court."). It represents a significant change in California law that occurred after this Court's order compelling arbitration. Judgment has not been entered in this case, and the Court may reconsider its interlocutory order compelling arbitration. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (holding that district court had jurisdiction to rescind order certifying interlocutory appeal) (quoting Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981)). Accordingly, the Court must examine whether the referral to arbitration was correct.

B. The FAA Does Not Preempt the McGill Rule.

On the question of whether the FAA preempts the McGill rule, the Court owes no deference to the state court, and follows federal law. Vandevere v. Lloyd, 644 F.3d 957, 964 (9th Cir. 2011). If the FAA preempted McGill, then no reconsideration of the Court's prior order compelling arbitration would be warranted, and the Court would proceed to review the arbitral award. The Court finds, however, that the FAA does not preempt McGill.

In Sakkab v. Luxottica Retail N. Am., 803 F.3d 425 (9th Cir. 2015),[1] the Ninth Circuit held that the FAA does not preempt California's rule, announced in Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348 (2014), barring the predispute waiver of representative claims under the Private Attorneys General Act of 2004 (PAGA), Cal. Lab. Code. § 2698 et seq. Following the two-step approach used by the Supreme Court in Concepcion, the Sakkab court first analyzed whether the Iskanian rule falls within the plain language of the FAA savings clause for "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It held that the Iskanian rule is a "generally applicable contract defense," not a ground for revocation of arbitration agreements only. Sakkab, 803 F.3d at 433 (citing Concepcion, 563 U.S. at 343).

Second, the Sakkab court turned to the question of whether the Iskanian rule conflicts with the FAA's purposes, applying "ordinary conflict preemption principles." Id. It held that the

---

[1] Sakkab, like McGill, was decided after this Court's September 25, 2013 order.

7

Iskanian rule does not "stand as an obstacle to the accomplishment of the FAA's objectives." Id. at 427, 433 (quoting Concepcion, 563 U.S. at 343). It held that Iskanian "expresses no preference regarding whether individual PAGA claims are litigated or arbitrated. It provides only that representative PAGA claims may not be waived outright." Id. at 434 (citing Iskanian, 59 Cal. 4th at 384). Therefore, the court held, the "Iskanian rule prohibiting waiver of representative PAGA claims does not diminish parties' freedom to select informal arbitration procedures." Id. at 435. A class action is a procedural device, which, the court explained, imposes burdens on arbitration that "diminish the parties' freedom to select the arbitration procedures that best suit their needs." Id. at 436. By contrast, a PAGA action is a statutory action by which an employee may seek penalties "as the proxy or agent of the state's labor law enforcement agencies." Id. at 435 (quoting Iskanian, 59 Cal. 4th at 380). A PAGA action does not require any special procedures, and therefore "prohibiting waiver of such claims does not diminish parties' freedom to select the arbitration procedures that best suit their needs." Id. at 436. In contrast to the requirements of class actions, nothing "prevents parties from agreeing to use informal procedures to arbitrate representative PAGA claims." Id.

The Sakkab court concluded that the potential high stakes of a claim, alone, do not interfere with arbitration because the parties are free to contract for whatever formal or informal procedures they choose to handle the claim. Id. at 437-439. The FAA was not "intended to require courts to enforce agreements

8

that severely limit the right to recover penalties for violations that did not directly harm the party bringing the action." Id. at 440.

The same analysis applies here, with equal force. The McGill rule is a generally-applicable contract defense. See 9 U.S.C. § 2. Moreover, claims for public injunctive relief do not require burdensome procedures that could stand as an obstacle to FAA arbitration. On the contrary, the parties are free to contract for any procedures they choose for arbitrating, or litigating, public injunctive relief claims. Therefore, the FAA does not preempt California's McGill rule.

C. The Arbitration Agreement Is "Null and Void" by Its Own Terms.

The Court turns to the arbitration agreement in this case. The parties agree that the first sentence of subsection 2.2(6), quoted above, purports to waive the arbitrator's ability to award public injunctive relief. In combination with the agreement in subsection 2.2(1) that all claims and disputes, broadly defined, would be arbitrated, this constitutes a waiver of public injunctive relief in all fora that violates the McGill rule.

The Court turns, therefore, to the consequences of this waiver. Defendants contend that if the arbitrator could not address Plaintiff's claims for public injunctive relief, then this Court could address them after the arbitrator resolved the issues that were within the scope of the arbitration agreement. See Ferguson v. Corinthian Colls., Inc., 733 F.3d 928, 937 (9th Cir. 2013) (if arbitrator concludes that it lacks authority to enter injunction, then under language of applicable arbitration

9

agreement plaintiffs "may return to the district court to seek their public injunctive relief"); see also Wiseman v. Tesla, Inc.,[2] No. 17-cv-04798-JFW, at 4 (C.D. Cal. Sept. 12, 2017) (holding that language of agreement allowed arbitrator to decide in first instance whether public injunctive relief claims were arbitrable). Moreover, Defendants argue, following this procedure would render Plaintiff's public injunctive relief claim moot, because the arbitrator decided that Plaintiff had failed to meet his burden to prove any of his underlying claims on the merits, making it unnecessary to reach the issue of injunctive relief.

This argument does not comport with the language of the arbitration agreement in this case. The procedure to be followed here is dictated, not by other courts' findings regarding the procedures set forth in other arbitration agreements, but by the specific procedures contracted to by the parties in the arbitration agreement at issue here.

Plaintiff describes the final sentence of subsection 2.2(6) of the parties' arbitration agreement as a "poison pill." He contends that because, under the McGill rule, the first sentence of subsection 2.2(6) is unenforceable, the entire arbitration provision in the contract (section 2.0) is also "null and void" due to the "poison pill," and no portion of the parties' dispute is subject to arbitration.

---

[2] The Court GRANTS Defendants' administrative motion for leave to file a statement of recent decision bringing Wiseman to the attention of the Court, although it agrees with Plaintiff that the arbitration agreement in this case is materially different from that in Wiseman.

Defendants, on the other hand, contend that if the waiver of any claim is found to be unenforceable, then the arbitration agreement is "null and void" only with regard to that one claim, leaving other claims subject to arbitration. This interpretation would suggest an approach similar to that taken in Ferguson, where the arbitrator would decide all claims subject to arbitration, and Plaintiff could then return to this Court for adjudication of his claim for public injunctive relief. Defendants imply that the language of the "poison pill" is at least ambiguous, and should be construed in favor of permitting arbitration of all issues except public injunctive relief because "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Defendants are correct that the Court will not deny an order compelling arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-583 (1960)). Here, however, there is no room for doubt. The language of the "poison pill" sentence unambiguously provides that "the entirety of this arbitration provision shall be null and void" if subsection 2.2(6), waiving claims and relief on behalf of other

11

persons, is found to be unenforceable. Defendants' proposed construction of this sentence ignores the agreement's use of the word "entirety" and attempts to read in limiting language that does not exist, such as adding the words "as to the specific claim" at the end of the paragraph. It also is in tension with Defendants' earlier position regarding the scope of the "poison pill."

It would, of course, have been permissible for the parties to agree to an arbitration provision that was limited in this way. They did not do so, however. The contract as actually written declares the entire arbitration provision null and void because the waiver of public injunctive relief is unenforceable. The Court notes that although the parties need not have agreed to so broad a "poison pill," there was reason for them to do so. See Sakkab, 803 F.3d at 437 ("The FAA contemplates that parties may simply agree ex ante to litigate high stakes claims if they find arbitration's informal procedures unsuitable.").

The McGill rule constitutes a change in controlling law and is not preempted by the FAA. The waiver of public injunctive relief in subsection 2.2(6) of the parties' agreement is therefore unenforceable, and this triggers the "poison pill" rendering the entire arbitration provision null and void. The Court must therefore grant reconsideration of, and rescind, its September 25, 2013 order compelling arbitration and vacate the arbitral award.

II. The Motions to Vacate or Confirm the Arbitral Award.

Because the Court reconsiders the September 25, 2013 order granting Defendants' renewed motion to compel arbitration and

12

stay this action, rescinds its prior order compelling arbitration and vacates the arbitral award, the Court denies as moot Plaintiff's motion to vacate the award under 9 U.S.C. § 10(a)(3) and (4). The Court also denies Defendants' motion to confirm the award. By this decision, the Court does not reach or review the merits of the arbitrator's decision.

Defendants contend that the FAA statutorily bars Plaintiff's "attempt to evade confirmation of a final arbitration award" through reconsideration of this Court's order compelling arbitration. Opp. at 20. When reviewing an arbitrator's decision, this Court's review is "both limited and highly deferential." Coutee v. Barington Capital Grp., L.P., 336 F.3d 1128, 1132 (9th Cir. 2003) (internal quotation marks omitted). The Court "must" confirm and enter judgment on an award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9; see also Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

Here, the Court is not reviewing an arbitral award, and the merits of the arbitrator's decision are irrelevant to the correctness of this Court's order compelling arbitration in the first place. In Hall Street, by contrast, the district court had reviewed the merits of the arbitrator's decision based on impermissible grounds. The Hall Street parties had agreed by contract that the arbitral award could be vacated if the arbitrator's findings of fact were not supported by substantial

13

evidence or the arbitrator's conclusions of law were erroneous. 552 U.S. at 579. The Supreme Court held that these bases are not among the grounds for vacatur of an arbitral award under the FAA. Because the statutory grounds for vacatur are exclusive, the district court could not vacate the award based on the contractual grounds.

Likewise, the Ninth Circuit held in a recent unpublished memorandum disposition that where an arbitrator applies the law as it exists at the time of the arbitral award, an intervening change in law prior to a court's FAA review does not provide a basis to vacate the award. Wulfe v. Valero Ref. Co.--California, 687 F. App'x 646, 648 (9th Cir. 2017). In Wulfe, the arbitrator--not the district court--held that the governing arbitration agreement's waiver of representative PAGA claims was enforceable. See Wulfe v. Valero Ref. Co.--California, 641 Fed. App'x 758, 761 (9th Cir. 2016) ("Wulfe argues that the arbitrator exceeded her powers by allegedly ordering Wulfe to proceed with his PAGA claim on an individual basis because such a right cannot be waived."); Wulfe v. Valero Ref. Co., No. 12-cv-05971-MWF, 2016 WL 9132900, *1 (C.D. Cal. May 19, 2016) (noting that it was "the arbitrator's order requiring Plaintiff to proceed with his PAGA claims on an individual basis"). After the award was issued, however, the California Supreme Court decided Iskanian and the Ninth Circuit decided Sakkab, reaching a different decision about the enforceability of PAGA waivers. The district court held that the change in law did not justify vacating the arbitral award under the rigorous standard of review provided by the FAA. The Ninth Circuit explained that "the issue is not whether, with perfect

14

hindsight, we can conclude that the arbitrator erred." Wulfe, 687 F. App'x at 648. Rather, in reviewing an arbitrator's decision, the Court must consider whether the arbitrator "recognized the applicable law and then ignored it." Id. (quoting Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010)). In Wulfe, the arbitrator did not act with manifest disregard of any law that existed at the time of the award, and the court therefore confirmed the arbitral award.

The issue here is different. The arbitrator was not the one to conclude that Plaintiff's waiver of public injunctive relief claims was enforceable; it was this Court that made that ruling in the order compelling arbitration. The Court therefore does not review the arbitrator's decision under the FAA, but rather, reconsiders its own interlocutory order. As discussed, the Court's order compelling arbitration was erroneous in light of the subsequent decisions in McGill and Sakkab, and must be rescinded. The Court, therefore, vacates the arbitral award without reviewing its merits under the FAA.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for reconsideration of the order compelling arbitration (Docket No. 273), rescinds that prior order (Docket No. 257), and VACATES the arbitral award. The Court DENIES AS MOOT Plaintiff's motion to vacate the arbitral award (Docket No. 263); and DENIES Defendants' cross-motion to confirm the arbitral award (Docket No. 274). The Court also GRANTS Defendants' administrative motion for leave to file a statement of recent decision (Docket

No. 285).

The Court shall schedule a case management conference by separate Clerk's Notice.

IT IS SO ORDERED.

Dated: October 2, 2017

CLAUDIA WILKEN
United States District Judge