**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94114
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCARDLE, an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>Defendants. | Case No. CV-09-01117 (CW)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY PENDING APPEAL**<br><br>Date: December 19, 2017<br>Ctrm: 2, 4th Floor<br>Time: 2:30 pm<br>Judge: Hon. Claudia Wilken |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    A. Defendants Cannot Demonstrate a Strong Likelihood of Success on Appeal. ......... 3

    B. Denying A Stay Will Not Harm Defendants. ............................................................ 3

    C. Plaintiff Will Be Harmed By A Stay ......................................................................... 4

    D. The Public's Interest Would Not Be Served by a Stay. ............................................ 5

III. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

*Blair v Rent-a-Center, Inc.*, 2017 WL 4805577 (N.D. Cal. Oct. 25, 2017) ................................. 3

*Bradberry v. T–Mobile USA, Inc.*, No. C 06–6567 CW2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) .............................................................................................................................. 4

*Britton v. Co-op Banking Grp.*, 916 F.2d 1405 (9th Cir. 1990) ................................................. 2

*DKS Inc. v. Corporate Business Solutions, Inc.*, No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281 (E.D. Cal. Nov. 10, 2015) ...................................................................................... 2

*Ferguson v. Corinthian Colleges*, No. SACV 11-0127 DOC, 2012 WL 27622 (C.D. Cal. Jan. 5, 2012) ............................................................................................................................. 5

*Ford v. Verisign, Inc.*, No. 05-0819, 2006 U.S. Dist. LEXIS 88856 (S.D. Cal. Mar. 8, 2006) ............................................................................................................................................. 4

*Gillette v. Uber Technologies*, No. C-14-5241 EMC, 2015 WL 4481706 (N.D. Cal. July 22, 2015) ............................................................................................................................. 2

*Golden Gate Restaurant Ass'n v. San Francisco*, 512 F.3d 1112 (9th Cir. 2008) ..................... 4

*Jimenez v. Menzies Aviation, Inc.*, No. 15-cv-02392-WHO, 2015 U.S. Dist. LEXIS 127875 (N.D. Cal. Sept. 23, 2015) ........................................................................................ 2, 4

*Joseph v. Trueblue, Inc.*, No. C14-5963 BHS, 2015 WL 9487965 (W.D. Wash Aug. 19, 2015) ........................................................................................................................................... 5

*Laster v. T-Mobile USA, Inc.*, No. 05-8842, 2006 U.S. Dist. LEXIS 88855 (N.D. Cal. Mar. 14, 2006) ............................................................................................................................ 4

*Leiva–Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ..................................................... 1, 2, 3, 4

*Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221 (N.D. Cal. June 8, 2011) .................................................................................................... 2, 3, 4

*McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017) ................................................................ 1, 3

*Morse v. Servicemaster Global Holdings*, No. C10-00628, 2013 U.S. Dist. LEXIS 3663 (N.D. Cal. Jan. 8, 2013) ..................................................................................................... 2, 4

*Mount Graham Coalition v. Thomas*, 89 F.3d 554 (9th Cir. 1996) ........................................... 2

*Nken v. Holder*, 556 U.S. 418 (2009) ............................................................................... 1, 2, 3, 4

*Norcia v. Samsung Telecomms. Am.*, No. 14-cv-00582-JD, 2015 U.S. Dist. LEXIS 110454 (N.D. Cal. Aug. 20, 2015) ......................................................................................... 2, 5

*Peregrine Falcon LLC v. Piaggioa America, Inc.*, Case No. 1:15-cv-00568-BLW, 2017 WL 3120266 (D. Idaho July 21, 2017) .................................................................................. 5

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805 (N.D. Cal. 1989) .................. 4

*Volkswagen Grp. of Am., Inc. v. Saul Chevrolet*, Inc., No. 5:15-cv-00505-ODW, 2015 U.S. Dist. LEXIS 129554 (C.D. Cal. Sept. 25, 2015) ........................................................ 2, 4

**RULES**

Fed. R. Civ. P. (1) .......................................................................................................................... 5

Plaintiff Steven McArdle ("Plaintiff") respectfully submits this opposition to Defendants AT&T Mobility LLC, New Cingular Wireless PCS LLC, and New Cingular Wireless Services, Inc.'s (collectively, "Defendants") motion for stay pending appeal (the "Mot.") (Dkt. # 292).

## I.     INTRODUCTION

On October 2, 2017, the Court issued an order (Dkt. # 287) that (1) rescinded its September 2013 order compelling arbitration and instead denied Defendants' motion to compel arbitration; (2) denied Defendants' motion to confirm the arbitration award against Plaintiff; and (3) vacated the arbitral award. The Court concluded that the California Supreme Court's intervening decision in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), constituted a change in controlling law that rendered the waiver of public injunctive relief in Defendants' arbitration clause unenforceable as contrary to state public policy. The Court reasoned that "*McGill*'s holding that predispute waivers of public injunctive relief are contrary to California public policy" was "a significant change in California law that occurred after this Court's order compelling arbitration" (*id.* at 6), and that the *McGill* rule was not preempted by the FAA (*id.* at 7–9). The Court further held that the public-injunction waiver was not severable from the remainder of the arbitration agreement, thus concluding that none of Plaintiff's claims were subject to arbitration. *Id.* at 9–12. Defendants appealed.

Defendants move to stay pending appeal. Defendants' request for a stay should be denied because they fail to make a strong showing that they are likely to succeed on the merits or that they will be irreparably harmed. Because the interests of Plaintiffs and the public would be substantially harmed by any further delays in the administration of justice, Plaintiff requests that Defendants' motion to stay be denied.

## II.    ARGUMENT

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' " *Id.* (internal quotations omitted). "The party requesting a stay bears the burden of showing that the circumstances

justify an exercise of that discretion." *Id.* at 433–34. The Ninth Circuit uses a four-part test for considering a stay pending appeal. *See Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *see also Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). The governing test asks:

> 1. Whether the movant "has made a strong showing that [it] is likely to succeed on the merits";
> 2. Whether the movant will be "irreparably injured" absent a stay;
> 3. Whether a stay would "substantially injure" other parties interested in the proceeding; and
> 4. "[W]here the public interest lies."

*Leiva–Perez*, 640 F.3d at 964 (*quoting Nken*, 556 U.S. at 425–26). If the movant fails to make a strong showing that it is likely to succeed on appeal, a stay is unavailable even if the other three factors are met. *See Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (declining to evaluate the balance of hardships and denying motion to stay pending appeal when stay applicant failed to make showing on first factor). The same is true if the movant fails to demonstrate irreparable injury. *Leiva–Perez*, 640 F.3d at 965 ("[A] proper showing regarding irreparable harm [is] a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay.")

Contrary to Defendants' suggestion, stays are not "routinely" granted under this demanding standard. (Mot. at 6.) Defendants' proposed "routine" grant of stays "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Britton*, 916 F.2d at 1412. Accordingly, where a party fails to show a likelihood of success on the merits, or fails to show irreparable harm, the courts within the Ninth Circuit will deny an application for a stay. *See DKS Inc. v. Corporate Business Solutions, Inc.*, No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281, at *1-2 (E.D. Cal. Nov. 10, 2015); *Volkswagen Grp. of Am., Inc. v. Saul Chevrolet*, Inc., No. 5:15-cv-00505-ODW, 2015 U.S. Dist. LEXIS 129554, at *10-15 (C.D. Cal. Sept. 25, 2015); *Jimenez v. Menzies Aviation, Inc.*, No. 15-cv-02392-WHO, 2015 U.S. Dist. LEXIS 127875, at *3-13 (N.D. Cal. Sept. 23, 2015); *Norcia v. Samsung Telecomms. Am.*, No. 14-cv-00582-JD, 2015 U.S. Dist. LEXIS 110454, at *7-10 (N.D. Cal. Aug. 20, 2015); *Morse v. Servicemaster Global Holdings,* No. C10-00628, 2013 U.S. Dist. LEXIS 3663, at *7-14 (N.D. Cal. Jan. 8, 2013); *Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3-5 (N.D. Cal. June 8, 2011); *see also Gillette v. Uber Technologies*, No. C-14-5241 EMC, 2015 WL 4481706, at *2 n.2 (N.D. Cal.

July 22, 2015) ("according to this Court's unofficial tally of decisions since *Steiner*, California district courts have denied stays pending appeal of an order denying a motion to compel arbitration twelve times, while California district courts have granted such motions eight times.").

### A. Defendants Cannot Demonstrate a Strong Likelihood of Success on Appeal.

The first factor is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Nken*, 556 U.S. at 434. Applying this standard, the Ninth Circuit has held that "to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 968. The moving party may alternatively show that a serious legal issue is at stake. *Li*, 2015 WL 4481706, at *3. "The fact that Defendants are requesting a review of the district court's decision does not automatically mean they have raised a serious legal question on appeal." *Id.* (internal quotation marks omitted). "For a legal question to be serious, it must be a question going to the merits so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Id.* "In the Ninth Circuit, serious legal questions often concern constitutionality." *Id.*

Defendants have raised no "serious, substantial, difficult and doubtful" issues, and certainly no constitutional issues. Instead, Defendants rehash the arguments advanced in opposition to Plaintiff's motion for reconsideration. The Court's October 2 Order explains at length why those arguments are incorrect and the case is not subject to arbitration. As Defendants have presented no "substantial" basis to undermine the Court's reasoning—such as an intervening change in the law, or a contrary ruling from another court—a stay is not available. Indeed, subsequent authority from other courts is fully in accord with the reasoning of this Court. *See, e.g., Blair v Rent-a-Center, Inc.,* 2017 WL 4805577 (N.D. Cal. Oct. 25, 2017) (Alsup, J.) (holding that *McGill* is not preempted by FAA and that arbitration provision is void because it purports to preclude public injunctive relief; denying motion to compel arbitration on all but one claim for relief, and denying motion to stay other claims pending arbitration).

### B. Denying A Stay Will Not Harm Defendants.

Before a stay can be granted, a moving party must show that irreparable harm is probable absent a stay. *Leiva-Perez*, 640 F.3d at 968. In *Nken*, the Supreme Court overruled the prior

standard "that permitted a stay to issue upon the petitioner 'simply showing some possibility of irreparable injury.'" *Id.* at 968 (citing *Nken*, 556 U.S. at 432–434). Under the new standard, "[i]f the petitioner has not made a certain threshold showing regarding irreparable harm ... then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Id*. at 965 (citing *Nken*, 556 U.S. at 432–434). Moreover, "the required degree of irreparable harm increases as the probability of success decreases." *Golden Gate Restaurant Ass'n v. San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). Here, Defendants cannot make the required threshold showing of irreparable harm, and certainly cannot make the increased showing required in light of their weak showing of likelihood of success.

Defendants' theory of irreparable harm rests on the time and expense of litigation. (Mot. at 10-12.) Yet district courts in California have repeatedly held that litigation expenses alone do not constitute irreparable harm. *See Morse*, 2013 WL 123610, at *3 (finding that Defendants had not demonstrated irreparable injury due to the potential of litigation related expenses which they sought to avoid through arbitration); *Jimenez*, 2015 U.S. Dist. Lexis 127875, at *10-11 (same); *Li*, 2011 WL 2293221 at *4–5 (same); *Bradberry v. T–Mobile USA, Inc.*, No. C 06–6567 CW 2007 WL 2221076, at *3-4 (N.D. Cal. Aug. 2, 2007). This is because, among other things, a movant must "show that there is a reason [for irreparable harm] specific to his or her case, as opposed to a reason that would apply equally well" to other cases. *Leiva-Perez*, 640 F.3d at 969. Defendants' theory of irreparable harm is the same as every movant that seeks a stay. In any event, "these advantages [of avoiding litigation costs] are not lost to a party that was never entitled to arbitrate the claim in the first place." *Volkswagen Group*, 2015 WL 5680317, at *4.

### C. Plaintiff Will Be Harmed By A Stay

A stay will, however, prejudice Plaintiff and the class. If the case is stayed, Plaintiff and the proposed class would be deprived of their right to have their claims timely heard and decided. Courts have repeatedly held that "delaying a plaintiff's day in court constituted substantial injury to the plaintiff." *See Bradberry,* 2007 WL 2221076 at *4; *Laster v. T-Mobile USA, Inc.*, No. 05-8842, 2006 U.S. Dist. LEXIS 88855 (N.D. Cal. Mar. 14, 2006); *Ford v. Verisign, Inc.*, No. 05-0819, 2006 U.S. Dist. LEXIS 88856 (S.D. Cal. Mar. 8, 2006); *Sw. Marine, Inc. v. Triple A Mach. Shop,*

*Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.") (citation omitted)). Plaintiff filed this case eight years ago. Further delays are not justified.

### D. The Public's Interest Would Not Be Served by a Stay.

Defendants argue that the public interest would be served by a stay because the public interest favors "judicial efficiency and conservation of resources." (Mot. at 13-14.) However, "[a]llowing the blanket federal policy to force a stay pending appeal whenever arbitrability is at issue would force the four-factor [] test to collapse into a single factor that would always favor staying proceedings pending appeal in the hope they would be sent to arbitration." *Ferguson v. Corinthian Colleges*, No. SACV 11-0127 DOC, 2012 WL 27622, at *5 (C.D. Cal. Jan. 5, 2012); *see also Norcia*, 2015 WL 4967247, at * 3 (rejecting generic argument that "a stay is in the public interest because of the public policy in favor of arbitration" because it "could be made in every case in which an arbitration motion has been denied").

In fact, public policy disfavors a stay. Allowing Plaintiff's claims to continue to sit stale for another year while an appeal is pending would frustrate both Plaintiff's and the public's interest in a resolution of the merits. *See, e.g., Peregrine Falcon LLC v. Piaggioa America, Inc.,* Case No. 1:15-cv-00568-BLW, 2017 WL 3120266 (D. Idaho July 21, 2017) ("there is an interest in judicial efficiency favoring cases moving forward to make room for others"); *Joseph v. Trueblue, Inc.*, No. C14-5963 BHS, 2015 WL 9487965 (W.D. Wash Aug. 19, 2015) (holding both the plaintiff and public "have an interest in the speedy administration of judicial proceedings"). A stay would deprive Plaintiff of his day in court for at least another year, and would deny Plaintiff and the proposed class members "the just, speedy, and inexpensive determination" promised by Rule 1 of the Federal Rules of Civil Procedure. Further, the public also has an interest in private parties being permitted to expeditiously pursue claims of fraud and unfair business practices. *See Ferguson*, 2012 WL 27622, at *5. Any delay will slow Plaintiff's attempt to vindicate important statutory rights.

On balance, the equities tip in favor of denying the stay.

## III. CONCLUSION

Based on the foregoing, this Court should deny Defendants' motion for a stay pending appeal.

DATED: November 27, 2017  **GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE
SETH A. SAFIER


By:  /s/ Seth A. Safier
SETH A. SAFIER
*Attorneys For Plaintiff*