**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN MCARDLE,<br><br>            Plaintiff-Appellee,<br><br> v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS, LLC; NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>            Defendants-Appellants. | No.   17-17246<br><br>D.C. No. 4:09-cv-01117-CW<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted February 12, 2019
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

AT&T Mobility LLC ("AT&T") appeals the district court's order rescinding its earlier order to compel arbitration and vacating the arbitration award. We have jurisdiction under 9 U.S.C. § 16(a)(1), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

For the reasons set forth in our concurrently filed opinion in *Blair v. Rent-A-Center, Inc.*, No. 17-17221, we hold that California's *McGill* rule is not preempted by the Federal Arbitration Act.

In light of this holding, we hold that the arbitration agreement between AT&T and plaintiff Steven McArdle is null and void in its entirety. Subsection 2.2(6) of the parties' agreement purports to waive McArdle's right to pursue public injunctive relief in any forum and so is unenforceable under California law. *See McGill v. Citibank N.A.*, 393 P.3d 85, 94 (Cal. 2017). Subsection 2.2(6) of the agreement continues: "If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void."

The text's non-severability clause plainly invalidates the entire arbitration agreement. Contrary to AT&T's assertions, there are no "ambiguities about the scope of [the] arbitration agreement." *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418 (2019) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also E.E.O.C v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("[W]e do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated.").

AT&T's proposed two-step process derived from our opinion in *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013) is impermissible where the arbitration agreement is null and void in its entirety. Under these circumstances, the district court did not err in vacating the arbitration award and rescinding its prior order compelling arbitration.

**AFFIRMED.**